IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | | |
|---|---|---|
| IN RE: | § | CHAPTER 11 |
| | § | |
| NEW LOUISIANA HOLDINGS, LLC, et al. | § | CASE NO. 14-50756 |
| | § | |
| DEBTORS. | § | JOINTLY ADMINISTERED |

## DEBTORS' RESPONSE TO MOTION OF SPRINGDALE HEALTH CENTERS, LLC AND LONGHORN PROPERTIES, INC. FOR ORDER REQUIRING PRODUCTION OF DOCUMENTS AND AUTHORIZING THE ORAL EXAMINATION OF REPRESENTATIVES OF THE DEBTORS

The Debtors[1] file this response to the motion for an order requiring the production of documents and authorizing the oral examination of representatives of the Debtors (the "Motion") [Docket No. 129] filed by Springdale Health Centers, LLC ("Springdale") and Longhorn Properties, Inc. ("Longhorn") (collectively the "Movants"), and in support state as follows:

### I. PRELIMINARY STATEMENT

1. The Movants and certain of the Debtors are engaged in contentious litigation in state court in Florida related to the Debtors' operation of skilled nursing facilities under leases with the Movants. In that litigation, the Movants seek to recover amounts allegedly due under the leases by certain of the Debtors. The Debtors dispute the Movants' claims and believe they have numerous defenses, including the right to offset any amounts owed, and significant

---

[1] The "Debtors" in the above-captioned, jointly-administered bankruptcy cases are: New Louisiana Holdings, LLC; Acadian 4005 Tenant, LLC; Atrium 6555 Tenant, LLC; Citiscape 5010 Tenant, LLC; Fountain View 215 Tenant, LLC; Jackson Manor 1691 Tenant, LLC; Lakewood Quarters Assisted 8585 Tenant, LLC; Lakewood Quarters Rehab 8225 Tenant, LLC; Panola 501 Partners, LP; Regency 14333 Tenant, LLC; Retirement Center 14686 Tenant, LLC; Sherwood 2828 Tenant, LLC; St. Charles 1539 Tenant, LLC; Woodland Village 5301 Tenant, LLC; SA-PG Ocala LLC; SA-PG Operator Holdings LLC; SA-PG Clearwater LLC; SA-PG Gainesville LLC; SA-PG Jacksonville LLC; SA-PG Largo LLC; SA-PG North Miami LLC; SA-PG Orlando LLC; SA-PG Pinellas LLC; SA-PG Port St. Lucie LLC; SA-PG Sun City Center LLC; SA-PG Tampa LLC; SA-PG Vero Beach LLC; SA-PG West Palm Beach LLC; and SA-PG Winterhaven LLC.

counterclaims that will eliminate any claim held by the Movants. Still in its early stages, the Florida litigation was stayed by the Debtors' bankruptcy filings.

2. Against this backdrop, the Movants have filed the Motion on an emergency basis seeking unfettered access to the Debtors' books and records, including discovery from the Debtors as well as non-debtor third parties against which the Movants have no claim. As an initial matter, there is no emergency. The Movants' attempt to fast-track their overbroad discovery requests is simply intended to harass the Debtors and disrupt their bankruptcy cases. As set out below, the complexity of the bankruptcy estate claims against the Movants mandates the parties spend the requisite time to negotiate a reasonable and practical discovery protocol. Given the breadth of Movants' document production request, it is impossible to comply with Movants' accelerated time frame. Further, the Movants are not entitled to the discovery they seek. While Rule 2004 generally allows for broad discovery, the Court must weigh the relevance of the requested discovery against the burden it will impose on the Debtors' estates. Here, the Movants have requested the production of every financial document in the 25 Debtors' possession since their inception. These requests, if granted, would impose tens – if not hundreds – of thousands of dollars in costs on the Debtors' estates. The Movants have not and cannot meet their burden to demonstrate that the relevance of this information outweighs its significant costs to creditors.

3. The astonishing breadth of the Movants' requests reveals that their true intent is to overwhelm the Debtors in the early stages of their bankruptcies while investigating additional claims the Movants may bring against the Debtors and certain non-Debtor third parties. Rule 2004 may not be used to abuse or harass the Debtors or to circumvent the procedural protections of the rules of civil procedure governing the litigation between the parties. Because the

Movants' requests are transparently abusive, costly, and disruptive to the Debtors' estates, the Motion should be denied.

## II. FACTUAL & PROCEDURAL BACKGROUND

4. Commencing on June 25, 2014 and periodically thereafter (as applicable, the "Petition Date"), each of the Debtors filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code. The Debtors' respective cases are being jointly-administered under the caption *In re New Louisiana Holdings, LLC*, Case No. 14-50756.

5. Prior to their respective Petition Dates, the Debtors owned and operated skilled nursing facilities in Texas, Louisiana, and Florida. Generally speaking, the Debtors can be grouped as follows:

> New Louisiana Holdings, LLC, Acadian 4005 Tenant, LLC, Atrium 6555 Tenant, LLC, Citiscape 5010 Tenant, LLC, Fountain View 215 Tenant, LLC, Jackson Manor 1691 Tenant, LLC, Lakewood Quarters Assisted 8585 Tenant, LLC, Lakewood Quarters Rehabilitation 8225 Tenant, LLC, Regency 14333 Tenant, LLC, St. Charles 1539 Tenant, LLC, and Sherwood 2828 Tenant, LLC (collectively, the "Louisiana Debtors").

> SA-PG Operator Holdings, LLC, SA-PG Ocala, LLC, SA-PG Clearwater, LLC, SA-PG Gainesville, LLC, SA-PG Jacksonville, LLC, SA-PG Largo, LLC, SA-PG North Miami, LLC, SA-PG Orlando, LLC, SA-PG Pinellas, LLC, SA-PG Port St. Lucie, LLC, SA-PG Sun City Center, LLC, SA-PG Tampa, LLC, SA-PG Vero Beach, LLC, SA-PG West Palm Beach, LLC, SA-PG Winter Haven LLC (collectively, the "Florida Debtors").[2]

The Movants leased certain nursing facilities to the Florida Debtors under the terms of leases between Springdale and SA-PG Operator Holdings, LLC ("SA-PG Operator") and subleases between SA-PG Operator and the other Florida Debtors (collectively the "Leases"). The Movants are not creditors of, and have no relationship with, the Louisiana Debtors.

---

[2] Since the filing of the Motion, the following Debtors filed voluntary petitions for relief under Chapter 11: SA-Lakeland, LLC; SA-Clewiston, LLC; SA-St. Petersburg, LLC; CHC-CLP Operator Holding, LLC; CHC-SPC Operator, Inc.; Cypress Health Care Holdings, LLC; and Cypress Health Care Management, LLC. The Movants have not sought Rule 2004 discovery from these entities.

6. As of the Florida Debtors' Petition Dates, the Movants and the Florida Debtors were involved in litigation pending in state court in Florida. *See Springdale Health Centers LLC, et al. v. SA-PG Operator Holdings, LLC, et al.*, Case No. 16-2013-CA-010468, in the Fourth Judicial Circuit, Duval County, Florida (the "Florida Litigation"). The Florida Litigation arises out of disputes over the parties' rights under the Leases and involves significant claims between the Movants and the Florida Debtors. The Movants are seeking to collect amounts allegedly due under the Leases. In response, the Florida Debtors have asserted numerous defenses against the Movants and believe they have counterclaims for, *inter alia*, breaching the Leases and tortiously interfering with the Florida Debtors' business and contractual relationships. The Florida Debtors are also currently investigating additional claims against the Movants, including claims for successor liability under Florida law that are owned by the Debtors' estates.[3]

7. As of the Florida Debtors' Petition Dates, the Florida Litigation was in its early stages. The parties were conducting discovery and the case was not close to a trial date. The Florida Litigation was stayed under Section 362 upon the Florida Debtors' bankruptcy filings. The Florida Debtors have not yet determined whether they intend to remove the Florida Litigation to bankruptcy court or proceed in Florida state court.

## III. ARGUMENT & AUTHORITIES

### A. The Discovery Sought In The Motion Is Overbroad And Harassing

8. In order to grant a request for an examination under Rule 2004, the Court must find that there is good cause for the examination. *ePlus, Inc. v. Katz (In re Metiom, Inc.)*, 318 B.R. 263, 268 (S.D.N.Y. 2004); *In re Madison Williams & Co., LLC*, 2014 WL 56070, at *4 (Bankr. S.D.N.Y. Jan. 7, 2014). Good cause is shown if the examination sought is necessary to

---

[3] Prior to the Florida Debtors' Petition Dates, the Movants misappropriated the Florida Debtors' proprietary information and took over the operation of the Florida Debtors' nursing homes, receiving the benefit of the Debtors' goodwill for no consideration.

establish the claim of the party seeking the examination, or if denial of such request would cause the examiner undue hardship or injustice. *ePlus*, 318 B.R. at 268. In making this determination, the court must weigh the relevance of the discovery against the burden it will impose on the producing party. *Madison Williams*, 2014 WL 56070, at *4. Rule 2004 cannot be used for "purposes of abuse or harassment" and it "cannot stray into matters which are not relevant to the basic inquiry." *Id.* (quoting *In re Mittco, Inc.*, 44 B.R. 35, 36 (Bankr. E.D. Wisc. 1984)). The party seeking a 2004 examination has the burden of showing good cause. *In re Express One Intern., Inc.*, 217 B.R. 215, 217 (Bankr. E.D. Tex. 1998).

9. The discovery sought in the Motion is overbroad, harassing, and disruptive to the Debtors' nascent bankruptcy cases. The 32 document requests and 12 topics for examination contained in the Motion amount to a nearly unlimited inquisition into every aspect of the Debtors' operations. For example, the Movants seek every document and communication that "relate[s] or refer[s]" to any revenue received or payments made by the Debtors for an unlimited time period. Motion at p. 10, ¶¶ 8-9. Interpreted broadly, this request could require the Debtors to produce nearly every financial document in their possession. Accordingly, requiring the Debtors to produce every "document and communication" related to these transactions without limitation will require a tremendous amount of resources and impose substantial costs on the Debtors' estates. The Movants have not met their burden to demonstrate that the alleged benefit of such invasive discovery outweighs its significant costs.

10. Other requests are patently irrelevant. For example, the Movants have requested all documents and communications that all documents and communications related to any federal and state tax returns for all of the Debtors for the taxable years 2010-2013. (Request 18). In addition, Movants demand all "Documents and Communications which embody, relate or refer to any of the Debtors' failure to timely file tax returns or pay tax liability, whether imposed

by the federal, state or local government or other regulatory agency" without regard to the year in question. (Request 19). Similarly, the Movants seek information regarding the "officers, directors, and owners" of any entity owned or controlled by the Schwartzberg Trusts, which are non-Debtor third parties. Likewise, Movants are demanding drafts and final versions of any Monthly Operating Report from any of the Louisiana or Florida Debtors. (Request 31). The Movants cannot demonstrate that the relevance of this information justifies its abusive, harassing nature and therefore cannot establish good cause for the discovery they seek.

11. Moreover, the Movants are not creditors of each of the Debtors' estates. As noted above, the Movants are only disputed creditors of the Florida Debtors' estates and have no relationship with the other Debtors.[4] As such, the Movants have no stake in the outcome of the other Debtors' bankruptcy cases. Nonetheless, the Movants seek wide-ranging discovery from all of the Debtors.[5] The Movants' requests stray far beyond the matters relevant to the Florida Debtors' cases and impose significant costs on the Debtors' estates. Because they are not creditors of the Louisiana Debtors' estates, the Movants should not be permitted to significantly increase the administrative costs to those estates to the detriment of the Louisiana Debtors' creditors. The Movants have not shown any good cause entitling them to discovery from the non-Florida Debtors or established that the benefit of such discovery outweighs its significant cost.

12. The unnecessarily accelerated schedule on which the Movants seek the discovery from the Debtors further compounds the burden the requests will impose on the Debtors' estates.

---

[4] The Florida Debtors have identified the Movants claims as disputed and do not agree that the Movants hold valid claims against the Florida Debtors' estates.

[5] The Motion improperly conflates the Debtors' estates. For example, while the Debtors' counsel received separate retainers from the Louisiana Debtors and the Florida Debtors, the Movants misleadingly suggest that Debtors' counsel received combined retainers. The Debtors' estates have not been substantively consolidated and there is no basis to consider the Louisiana and Florida Debtors as one enterprise.

The Movants have provided no basis whatsoever for the emergency consideration of the Motion or an accelerated discovery schedule. Indeed, the Movants' sole basis for expedited discovery is that "delaying the hearing on the . . . Motion could result in oral examinations that conflict with the holidays in November." Leaving aside the fact that there is only one holiday during the month of November, the Movants do not explain why or how they will be harmed if the examinations they seek are not obtained by early November. Having wholly failed to demonstrate the need for an accelerated discovery schedule, the Movants' insistence on such a schedule can only be seen as abusive and disruptive to the Debtors' estates.

13. "[W]hile the scope of Rule 2004 is broad, the rule cannot be used to harass, abuse, or inquire into irrelevant matters, and examinations should not be overly disruptive or costly." *In re Lufkin*, 255 B.R. 204, 209 (Bankr. E.D. Tenn. 2000). Here, the Movants' requests are intentionally harassing, abusive, disruptive, and costly to the Debtors' estates. The Movants have failed to meet their burden to demonstrate sufficient good cause to justify the significant cost the requested discovery will impose on the Debtors' estates, and the Motion should be denied.

## B. The Pending Proceeding Rule Prohibits Discovery Under Rule 2004

14. As noted above, the Movants and the Florida Debtors were parties to the Florida Litigation at the time the Florida Debtors filed their voluntary petitions for relief under Chapter 11. Rule 2004 does not permit examinations where, as here, proceedings between the parties are pending in another forum. *In re MF Global Inc.*, 2013 WL 74580, at *1 (Bankr. S.D.N.Y. Jan. 8, 2013); *In re Enron Corp.*, 281 B.R. 836, 840 (Bankr. S.D.N.Y. 2002). "The basis for this proscription lies in the distinction between the broad nature of the Rule 2004 exam and the more restrictive nature of discovery under applicable rules of civil procedure." *Enron*, 281 B.R. at 840-41 (citations omitted). For example, under Rule 2004: (i) the witness has no right to be

represented by counsel except at the discretion of the court; (ii) there is only a limited right to object to immaterial or improper questions; (iii) there is no general right to cross-examine witnesses; and (iv) there is no right to have issues defined beforehand. *Id.* at 841 (quoting *In re Dinubilo*, 177 B.R. 932, 939–40 & n. 12 (E.D. Cal. 1993)). As a result, Rule 2004 cannot be used as a tactic to circumvent the safeguards of the rules of civil procedure. *Id.*; *In re Bennett Funding Group, Inc.*, 203 B.R. 24, 28 (Bankr. N.D.N.Y. 1996).[6]

15. The facts in this case are similar to those addressed in *Bennett Funding*. In that case, a Chapter 11 trustee sought a Rule 2004 exam of certain parties the trustee had named, among others, as parties to an adversary proceeding. Because the trustee's adversary complaint alleged that the defendants created a "financial superweb," the court determined that even the most finely crafted Rule 2004 examination could not avoid delving into issues that would be raised in the adversary proceeding. 203 B.R. at 29-30. The court further found that it appeared that the parties and subject matter of the Rule 2004 exam would be inseparable from the adversary proceeding because of the complex relationship between the parties, thereby creating an unavoidable back door through which the trustee could avoid the restrictions of the Federal Rules of Civil Procedure by using Rule 2004. *Id.* at 30. As a result, the court denied the trustee's request for discovery under Rule 2004. *Id.*

16. As in *Bennett Funding*, the Movants in this case have described the Debtors as a "labyrinth of entities" that engaged in a "complicated web of intercompany transactions." Motion at ¶¶ 7, 12. The Movants' attempt to secure unfettered discovery into the relationship between the Florida Debtors, the Louisiana Debtors, and certain non-Debtor third parties is a

---

[6] This prohibition is not limited to litigation pending in bankruptcy court. Courts have exhibited similar concerns and reached similar results when confronted with the propriety of Rule 2004 examinations where the party requesting the Rule 2004 examination could benefit their pending litigation outside of the bankruptcy court against the proposed Rule 2004 examinee. *Enron*, 281 B.R. at 842 (collecting cases).

transparent attempt to investigate alter ego and other vicarious liability claims the Movants might bring against the Debtors in furtherance of the claims asserted in the Florida Litigation.[7]

17. Rule 2004 "does not permit parties in interest to investigate their private (non-estate) claims." *MF Global*, 2013 WL 74580, at *1. The motion is a "poorly-disguised and misguided effort" to side-step the automatic stay imposed by the Florida Debtors' bankruptcy to continue to investigate claims related to the Florida Litigation. *Id.* at *2. The Movants should not be allowed to circumvent the protections of the automatic stay and the applicable rules of civil procedure in order to further investigate their own claims against the Debtors and non-Debtor third parties.

## C. There Is No Basis For An Accelerated Discovery Schedule

18. As noted above, the Movants have not demonstrated that the discovery they seek should be conducted on an expedited basis. If the Motion is granted, the Debtors will be required to collect and review hundreds of thousands of documents and prepare potentially dozens of witnesses for examination. Thus, even if the Debtors devote all of their resources to responding to the discovery the Debtors will be unable to comply with the Movants' proposed discovery schedule. Moreover, the Florida Debtors – the only Debtors against which the Movants have asserted a claim – did not file bankruptcy until July 28, 2014. Accordingly, it is exceedingly early in the Florida Debtors' cases to sanction the type of investigation the Movants seek to conduct on short notice. The proposed schedule will unnecessarily impose significant costs on the Debtors' estates and would be severely disruptive to the Debtors' cases. Accordingly, the Movants' request that the Debtors be ordered to respond to the discovery requests by October 3, 2014 should be denied.

---

[7] For example, the Movants seek to discover the names of any officers and directors of non-Debtor third parties owned and controlled by the Schwartzberg Trusts.

## IV. CONCLUSION & PRAYER

19. For the reasons set forth above, the Debtors request the entry of an order (i) denying the Motion and (ii) awarding the Debtors any further relief the Court deems appropriate.

Dated: September 8, 2014            Respectfully submitted,

NELIGAN FOLEY LLP

By: */s/ Patrick J. Neligan, Jr.*
Patrick J. Neligan, Jr.
Texas State Bar No. 14866000
pneligan@neliganlaw.com
James P. Muenker
Texas State Bar No. 24002659
jmuenker@neliganlaw.com

325 N. St. Paul, Suite 3600
Dallas, Texas 75201
Telephone: 214-840-5300
Facsimile: 214-840-5301

BAKER, DONELSON, BEARMAN,
CALDWELL & BERKOWITZ, PC

*/s/ Jan M. Hayden*
Jan M. Hayden (#06672)
Erin E. Pelleteri (30666)
201 St. Charles Avenue, Suite 3600
New Orleans, Louisiana 70170
Telephone: (504) 566-5200
Facsimile: (504) 636-4000
jhayden@bakerdonelson.com
epelleteri@bakerdonelson.com

**COUNSEL FOR THE DEBTOR**

## CERTIFICATE OF SERVICE

I hereby certify that on September 8, 2014, a true and correct copy of the foregoing document was served via email on the U.S. Trustee.

*/s/ Patrick J. Neligan, Jr.*
Patrick J. Neligan, Jr.

80639v.1

Page 10

14-50756 - #146  File 09/08/14  Enter 09/08/14 13:25:47  Main Document  Pg 10 of 10