IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF LOUISIANA
(LAFAYETTE DIVISION)

| | | |
|---|---|---|
| IN RE: | | |
| NEW LOUISIANA HOLDINGS, LLC, | § | CASE NO. 14-50756 |
| | § | |
| Debtor. | § | (Chapter 11) |
| | | |
| | | (Jointly Administered) |

**MOTION TO TRANSFER VENUE OF IN RE: SA-PG CLEARWATER, LLC, CASE NO. 14-50913 TO THE UNITED STATES BANKRUPTCY COURT FOR THE MIDDLE DISTRICT OF FLORIDA**

Creditor, the Donald Ware, by and through Jeffrey D. Ware, Attorney-in-Fact, and through the undersigned counsel, ("**Ware**"), hereby files its Motion to Transfer Venue to the United States Bankruptcy Court for the Middle District of Florida (the "**Transfer Motion**"), through which it respectfully requests that this Court enter an Order transferring the above-captioned bankruptcy proceeding of In re: SA-PG Clearwater, LLC, Case No. 14-50913 ("**Debtor**"), to the United States Bankruptcy Court for the Middle District of Florida. In support of its motion, Ware states as follows:

**BACKGROUND**

1. The Debtor is a limited liability company whose sole purpose is to hold a license to operate a Florida nursing home known as Palm Garden of Clearwater. The Debtor is not domiciled nor does it reside in Louisiana; its principal place of business is not in Louisiana; and its principal asset is proceeds from the operation of a Florida nursing home. As a result, many, if not all of the Debtor's creditors are residents of Florida, such as Ware, for whom traveling to Louisiana to participate in the Debtor's bankruptcy will be unduly burdensome.

2. Specifically, the Debtor is a nursing home operator—in Florida—and the Debtor's bankruptcy will almost certainly involve numerous adversary proceedings involving

claims of negligence, civil conspiracy, breaches of fiduciary duties, and violations of Florida Statutes protecting nursing home residents and the elderly. All of these claims will arise under Florida law. All of the relevant documents are in Florida. All or most of the witnesses are in Florida. And all or most of the assets are in Florida.

3. The Debtor filed a voluntary Chapter 11 bankruptcy petition in the Western District of Louisiana on or about July 28, 2014.

4. On or about the same day, SA-PG Operator Holdings, LLC, which has an ownership interest in the Debtor, also filed a Chapter 11 bankruptcy petition in this Court.

5. In addition, on or about the same day, the other thirteen limited liability company subsidiaries of SA-PG Operator Holdings, LLC, filed voluntary Chapter 11 bankruptcy petitions, all in the Western District of Louisiana, despite the fact that they are all companies operating Florida nursing homes (together with the Debtor's bankruptcy called the "**Palm Garden Bankruptcies**"). As with their parent, none of SA-PG Operator Holdings, LLC's, fourteen subsidiaries is domiciled in or resides in Louisiana, including the Debtor; all of them have their principal place of business in Florida (where their respective nursing homes are); and all of their principal assets are in Florida

6. On August 1, 2014, the Debtor, along with the other Florida subsidiaries of SA-PG Operator Holdings, LLC, filed motions requesting joint administration of their bankruptcies with various other bankruptcies pending in the Western District of Louisiana.

7. The Debtor has failed to show that venue is proper in the Western District of Louisiana, however. In its motion seeking joint administration, it alleged only that it has an affiliate in bankruptcy under the definition at 11 U.S.C. § 101(2), and in its Voluntary Petition, it

2

suggested that it is affiliated with New Louisiana Holdings, LLC; however, there has been no showing whatsoever that this is true.

8. Moreover, even if venue were proper in the Western District of Louisiana, the Court should still transfer the venue of the Debtor's bankruptcy. The Debtor has no discernable connection to the State of Louisiana, and few, if any, of its creditors are here. On the contrary, the Debtor's sole business is operating a Florida nursing home, which is where most, if not all, of its assets exist and where its creditors reside.

9. Finally, the principal assets of the Debtor are in Florida, where its nursing home exists. In the interest of justice, and for the convenience of the parties, the Court should transfer the Debtor's bankruptcy to the Middle District of Florida, which is where the Debtor's holding company has a majority of its assets and where the Debtor's bankruptcy could be jointly administered with the bankruptcies of its Holding Company and its sister LLCs, *i.e.*, the Palm Garden Bankruptcies. Each of the aforementioned bankruptcies is currently pending in before this Court; however, for the above reasons, and for the reasons contained in filings similar to this one, the Estate respectfully suggests that each of the Palm Garden Bankruptcies should be administered in the Middle District of Florida.

10. In response to a motion for discovery filed by a creditor in Florida, the Debtor explained that the Debtors are either "Florida Debtors" or "Louisiana Debtors." Doc. 146, p. 3. The Debtor has stated several times that the Florida nursing home creditors have no relationship to the Louisiana debtors. See Doc. 146 pages 5 and 6. More specifically, the Debtor accuses the Florida creditor of "improperly" conflating the Debtors' estates pointing out that there is "no basis to consider Louisiana and Florida Debtors as one enterprise." Doc 146, p. 6, fn 5.

3

## JURISDICTION AND VENUE

11. This Court has jurisdiction to consider this Motion under 28 U.S.C. § 157.

12. Consideration of this Motion is a core proceeding under 28 U.S.C. § 157.

## ARGUMENT

13. This Court should transfer IN RE: SA-PG CLEARWATER, LLC CASE NO. 14-50913 to the Middle District of Florida because the Debtor has no identifiable connection with the Western District of Louisiana, all or most of its principal assets are in the Middle District of Florida, and most, if not all, of its creditors are in Florida.

14. Under 28 U.S.C. § 1412, "[a] district court may transfer a case or proceeding under title 11 to a district court for another district, in the interest of justice or for the convenience of the parties." The Debtor is a nursing home operator whose creditors and assets are largely, if not entirely, in Florida. Claims against the Debtor will almost certainly arise under Florida law. The witnesses and other evidence for these claims are largely, if not entirely, in Florida.

15. Federal Rule of Bankruptcy 1014 provides the framework for assessing the appropriateness of transferring properly filed bankruptcy cases:

> If a petition is filed in the proper district, the court, on the timely motion of a party in interest or on its own motion, and after hearing on notice to the petitioners, the United States trustee, and other entities as directed by the court, may transfer the case to any other district if the court determines that the transfer is in the interest of justice or for the convenience of the parties.

16. Rule 1014 requires a moving party to timely seek relief, and then establish that either the transfer is in the interest of justice or for the convenience of the parties.

17. The moving party bears the initial burden to establish that transfer is in the interest of justice or the convenience of the parties, which must be shown by a preponderance of the evidence. *Matter of Whilden*, 67 B.R. 40, 42 (Bankr. M.D. Fla. 1986). While courts generally defer to a debtor's choice of venue, the weight given to a debtor's chosen forum is diminished when the choice of forum is not directly related to the operative underlying facts of the case. *In re Centennial Coal, Inc.*, 282 B.R. 140, 145 (Bankr. D. Del. 2002); *Krystal Cadillac-Oldsmobile-GMC Truck, Inc. v. Gen. Motors Corp.*, 232 B.R. 622, 629 (E.D. Pa. 1999).

18. Additionally, courts are willing to grant transfer motions where the debtor and the bankruptcy case have limited ties to the chosen district. *See, e.g., In re Innovative Commc'n Co., LLC*, 358 B.R. 120 (Bankr. D. Del. 2006) 358 B.R. 120 (transferring cases from Delaware to Virgin Islands because the corporate debtors' principal places of business, creditors, employees, shareholders, and assets were in the Virgin Islands).

19. In determining whether transfer of a bankruptcy case is warranted "for the convenience of the parties," courts typically consider the following factors:

    a. proximity of creditors to the court;

    b. proximity of the debtor;

    c. proximity of witnesses who are necessary to the administration of the estate;

    d. the location of the debtor's assets;

    e. the economic administration of the estate; and

    f. the necessity for ancillary administration in the event of liquidation.

*Matter of Commonwealth Oil Ref. Co., Inc.*, 596 F.2d 1239, 1247 (5th Cir. 1979); *In re Newport Creamery, Inc.*, 265 B.R. 614, 618 (Bankr. M.D. Fla. 2001); *In re Campbell*, 242 B.R. 740, 746

(Bankr. M.D. Fla. 1999); *In re K5 Global, Inc.*, No. 11-20393, 2012 WL 1986531, at *1 (Bankr. W.D. La. June 1, 2012).

20. With respect to "the interest of justice" courts consider:

   a. whether transfer would promote the economic and efficient administration of the bankruptcy estate;

   b. whether the interests of judicial economy would be served by the transfer;

   c. whether the parties would be able to receive a fair trial in each of the possible venues;

   d. whether either forum has an interest in having the controversies resolved within its borders;

   e. whether the enforceability of any judgment would be affected by the transfer; and

   f. whether the plaintiff's original choice of forum should be disturbed.

*In re Enron Corp.*, 317 B.R. 629, 638-39 (Bankr. S.D.N.Y. 2004) (adopted by *In re Pilgrim's Pride Corp.*, 415 B.R. 635, 637 (N.D. Tex. 2009)); *In re Bruno's, Inc.*, 227 B.R. 311, 324-25 (Bankr. N.D. Ala. 1998) (acknowledged by *Alderwoods Grp., Inc. v. Garcia*, 682 F.3d 958, 974 n.26 (11th Cir. 2012)).

21. Bankruptcy courts have considered these factors and transferred entire Chapter 11 cases at the behest of creditors. For instance, the United States Bankruptcy Court for the Northern District of Indiana transferred six jointly administered Chapter 11 cases from Indiana to California on the motion of a single judgment creditor in *In re West Coast Interventional Pain Med., Inc.*, 435 B.R. 569 (Bankr. N.D. Ind. 2010). The bankruptcy court agreed that transfer was warranted based upon the convenience of the parties because administration of the cases would involve application of California law and proceedings that were almost exclusively in California, the creditors most likely to be subject to claim objections were located in California, the majority

6

of the witnesses were in California, and accounts receivables collection efforts would be conducted in California.  *Id.* at 580-583.  The bankruptcy court further agreed that transfer was warranted in the interest of justice because "further administration of the debtors' cases will involve issues of California law, and proceedings at the very least nearly exclusively in California to collect the estates' assets."  *Id.* at 585.

22. Similarly, here, the administration of the Debtor's bankruptcy, along with the administration of the bankruptcies of its Holding Company and thirteen sister LLCs, will involve application of Florida law; the creditors most likely to be the subject of claims objections—nursing home claimants—are located in Florida; the majority of the witnesses are in Florida; and the Debtor's principal assets are in Florida.

23. In fact, there is no detectable connection between the Debtor and Louisiana. Louisiana is a significant distance from the majority of the Debtor's creditors, its assets, and the evidence pertinent to claims against it.

24. Additionally, in *In re B.L. McCandless, L.P.*, the United States Bankruptcy Court for the Northern District of Illinois transferred a Chapter 11 case from Illinois to Pennsylvania at the behest of creditors.  417 B.R. 80 (Bankr. N.D. Ill 2009).  The bankruptcy court agreed that transfer was warranted based upon the convenience of the parties because all secured creditors and several unsecured creditors, as well as all assets and witnesses, were in Pennsylvania, and the case would require application of Pennsylvania law.  *Id.* at 82-85.  *See also In re Dunmore Homes, Inc.*, 380 B.R. 663 (Bankr. S.D.N.Y. 2008) (transferring Chapter 11 case from New York to California at the behest of creditors, on theory that transfer was warranted both in interests of justice and to promote convenience of parties, where majority of debtor's significant assets consisted of real property in residential developments in California; where all but one of debtor's

top thirty creditors were located in California; where all of debtor's remaining employees, its sole shareholder, and majority of its professionals were located in California; where change of venue was sought early in case; and any familiarity that New York court had gained with debtor's case was not likely to be pivotal given that debtor's stated objective was orderly wind down and sale of its assets, most of which were located in California); *In re B.L. of Miami, Inc.*, 294 B.R. 325 (Bankr. D. Nev. 2003) (transferring Chapter 11 case from Nevada to Florida *sua sponte* on theory that transfer was warranted both in interests of justice and to promote convenience of parties; where debtor's principal place of business and sole major asset, a nightclub, were both located in Florida; where significant majority of debtor's more than 130 creditors were located in Florida while only seven were located in Nevada; where administration of debtor's estate hinged in large part on pending litigation in Florida state court; and where any financial records located in Nevada were easily transmitted to Florida much more efficiently than having debtor's nightclub principals and employees travel to Nevada on regular basis).

25. The facts warranting transfer in *In re B.L. McCandless, L.P.*, *In re Dunmore Homes, Inc.*, and *In re B.L. of Miami, Inc.*, are also present in this case. Moreover, the pertinent factors governing the transfer analysis for both the interests of justice and the convenience of the parties weigh in favor of transferring the Debtor's bankruptcy case from this Court to the Middle District of Florida.

26. Conducting the Debtor's bankruptcy in the Western District of Louisiana is not conducive to overall efficiency or justice. As explained above, most of the Debtor's creditors are likely to be Florida nursing home residents or their estates. Traveling to Louisiana to prosecute their claims would be unduly burdensome for these creditors. Moreover, administering the Debtor's bankruptcy in the Western District of Louisiana is likely to be unduly burdensome on

8

this Court because the creditors, the witnesses, and the other evidence relevant to claims against the Debtor are in Florida.

27. Administering the Debtor's bankruptcy in Louisiana will only serve to ensure that a minimal number of creditors are able to find their way to this Court to effectively present their claims. According to the Debtors' filings, there are more creditors from the state of Florida than from any other state.

28. Given Debtors claim that the Louisiana and Florida Debtors must treated independently, there can be no good-faith basis for why the Florida Creditors should be unduly burdened with the time and expense necessary to address the Florida Debtors' bankruptcy in the Western District of Louisiana.

## **CONCLUSION**

29. For the foregoing reasons, the Ware Estate respectfully requests that the Court grants this motion and enter an Order transferring IN RE: SA-PG CLEARWATER, LLC, CASE NO. 14-50913 to the United States Bankruptcy Court for the Middle District of Florida.

Respectfully Submitted by:

DONOHUE PATRICK & SCOTT, P.L.L.C.

/s/ Kirk A. Patrick III
KIRK A. PATRICK III (#19728)
JAMES C. DONOHUE (#18869)
450 Laurel Street, Suite 1600
Baton Rouge, Louisiana 70801
P.O. Box 1629
Baton Rouge, Louisiana 70821-1629
Telephone: (225) 214-1908
Facsimile: (225) 214- 3551
Email: kpatrick@dps-law.com

9

**CERTIFICATE OF SERVICE**

I hereby certify that on the 8th day of September, 2014, I electronically filed the foregoing with the Clerk of Court by using CM/ECF system which will send a notice of electronic filing to all counsel of record.

/s/ Kirk A. Patrick III
KIRK A. PATRICK III (#19728)
