IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | | |
|---|---|---|
| IN RE: | § | CHAPTER 11 |
| | § | |
| NEW LOUISIANA HOLDINGS, LLC, | § | CASE NO. 14-50756 |
| *et al.*, | § | |
| | § | |
| DEBTORS. | § | (Jointly Administered)[1] |

---

## DEBTORS' MOTION FOR ORDER FIXING BAR DATE FOR FILING PROOFS OF CLAIM AND INTERESTS AND APPROVING NOTICE PROCEDURES

The debtors in the above-captioned case (collectively the "Debtors"), as debtors and debtors in possession, file this motion the ("Motion") pursuant to Federal Rules of Bankruptcy Procedure 2002(l), 2002(m), 3003(c)(3), 9007, and 9008 to request the entry of an order (i) fixing the bar date for filing non-governmental proofs of claim and interests in the Debtors' bankruptcy cases (the "General Bar Date") and (ii) approving procedures for providing notice of the General Bar Date to creditors and parties in interest, and in support state as follows:

---

[1] New Louisiana Holdings, LLC (Case No 14-50756), Jackson Major 1691 Tenant, LLC (Case No. 14-507967), Fountain View 215 Tenant, LLC (Case No. 50797), Acadian 4005 Tenant, LLC (Case No. 14-50850), Atrium 6555 Tenant, LLC (Case No. 14-50851), Citiscape 5010 Tenant, LLC (Case No. 14-50853); Lakewood Quarters Assisted Living 8585 Tenant, LLC (Case No. 14-50854), Lake Quarters Rehab 8225 Tenant, LLC (Case No. 14-50855), Panola 501 Partners LP (Case No. 14-50862), Regency 14333 Tenant, LLC (Case No. 14-50861), Retirement Center 14868 Tenant, LLC (Case No. 14-50856), Sherwood 2828 Tenant, LLC (Case No. 14-50857), St. Charles 1539 Tenant, LLC (Case No. 14-50858), and Woodland Village 530 Tenant, LLC (Case No. 14-50756); SA-PG-Ocala, LLC (July 28, 2014), SA-PG Operating Holdings, LLC (July 28, 2014), SA-PG-Clearwater, LLC (July 28, 2014), SA-PG-Gainesville, LLC (July 28, 2014), SA-PG-Jacksonville, LLC (July 28, 2014), SA-PG-Largo, LLC (July 28, 2014), SA-PG-North Miami, LLC (July 28, 2014), SA-PG-Orlando, LLC (July 28, 2014), SA-PG-Pinellas, LLC (July 28, 2014), SA-PG-Port St. Lucie, LLC (July 28, 2014), SA-PG-Sun City Center, LLC (July 28, 2014), SA-PG-Tampa, LLC (July 28, 2014), SA-PG-Vero Beach, LLC (July 28, 2014), SA-PG-West Palm Beach, LLC (July 28, 2014), SA-PG-Winterhaven, LLC (July 28, 2014); Cypress Health Care Management, LLC, Cypress Health Care Holdings, LLC (collectively the "Cypress Debtors"); SA-St. Petersburg, LLC, SA-Clewiston, LLC, SA-Lakeland, LLC, CHC-CLP Operator Holdings, LLC, and CHC-SPC Operator, Inc. (collectively the "Palm Terrace Debtors"); and SA-GA Operator Holdings, LLC, CHC-Carrollton Nursing & Rehab Ctr., LLC, CHC-Cedar Ridge Nursing & Rehab Ctr, LLC, CHC-Chestnut Ridge Nursing & Rehab Ctr, LLC, CHC-Haralson Nursing & Rehab Ctr, LLC, CHC-Hart Care Ctr, LLC, CHC-Pine Knoll Nursing & Rehab Ctr, LLC, CHC-Roswell Nursing & Rehab Ctr, LLC, CHC-Social Circle Nursing & Rehab Ctr, LLC, CHC-University Nursing & Rehab Ctr, LLC, and CHC-Woodstock Nursing & Rehab Ctr, LLC.

---

Debtors' Motion for Order Fixing Bar Date for Filing Proofs of Claim and Interests and Approving Notice Procedures Page 1
NO JMH01 581558 v3
2930573-000001 12/23/2014

14-50756 - #414 File 12/23/14 Enter 12/23/14 13:19:56 Main Document Pg 1 of 6

## I. INTRODUCTION

1. Prior to the commencement of this jointly-administered bankruptcy case, the Debtors owned and operated skilled nursing facilities in Texas, Louisiana, Florida, and Georgia. Commencing on June 25, 2014 and periodically thereafter, each of the Debtors filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code. Pursuant to Sections 1107(a) and 1108 of the Bankruptcy Code, each of the Debtors continues to operate its business and manage its properties, affairs and assets as a debtor-in-possession.

2. The Debtors commenced these cases in order to efficiently resolve the large number of claims, including personal injury litigation claims, that have been asserted against the Debtors in the various forums in which the Debtors operated. To that end, the Debtors are currently in the process of negotiating with stakeholders and formulating a plan of reorganization that addresses and resolves all claims. However, there is currently no express deadline for filing proofs of claim and interests in the Debtors' cases and continued uncertainty regarding the amount and number of claims against the Debtors' estates could delay the plan process. In order to create certainty and finality regarding the amount and number of claims against the Debtors' estates, the Debtors request the entry of an order establishing **March 16, 2015** as the General Bar Date for filing non-governmental proofs of claims and interests in the Debtors' cases.[2]

3. The Debtors also request authorization to provide notice of the General Bar Date by (i) mailing a Notice Package (as defined below) to the relevant party's last known address and (ii) publishing a notice of the General Bar Date in the local newspapers for each location in which the Debtors operated to notify unknown creditors of the General Bar Date.

## II. BASIS FOR RELIEF REQUESTED

---

[2] The proposed General Bar Date would not apply to claims asserted by governmental units under Section 502(b)(9), which would remain subject to the 180 day deadline contained in that provision.

Debtors' Motion for Order Fixing Bar Date for Filing Proofs of Claim and Interests and Approving Notice Procedures Page 2
NO JMH01 581558 v3
2930573-000001  12/23/2014

14-50756 - #414  File 12/23/14  Enter 12/23/14 13:19:56  Main Document  Pg 2 of 6

## A. Establishment of March 16, 2015 as the General Bar Date

4. Bankruptcy Rule 3003(c)(3) states that "[t]he court shall fix . . . the time within which proofs of claim or interests may be filed." The Debtors' respective cases were filed between June 25, 2014 and October 17, 2014. Establishing March 16, 2015 as the General Bar Date will give creditors and parties in interest a minimum of five months, and substantially longer in many instances, within which to assert a proof of claim against the Debtors. Given the notice procedures discussed below, the Debtors submit that this is a reasonable notice period under the circumstances of this case.

## B. Approval of Notice Parties and Procedures for Providing Notice Parties with Actual Notice of the General Bar Date

5. Bankruptcy Rules 2002(l), (m), 9007, and 9008 give the Court broad authority to regulate the form and means of notice in the Debtors' cases, including the authority to permit notice by publication where appropriate. Each of the Debtors provided notice of its bankruptcy filing to (i) the United States Trustee; (ii) all holders of prepetition claims listed on the Debtor's schedules; (iii) counterparties to all executory contracts and unexpired leases; (iv) all taxing authorities for locations in which the Debtor operated; (vi) all parties to litigation in which the Debtor was involved; and (vii) all providers of utility services to the Debtor (collectively the "Original Notice Parties"). The Debtors are unaware of any additional claims other than those asserted by the Original Notice Parties. However, in order to provide notice to as many potential claimants as possible, the Debtors also intend to provide notice of their bankruptcy filings and the General Bar Date to: (i) all current patients and employees; (ii) certain former employees and patients who may assert unknown and undisclosed claims as described in **Exhibit A** and (iii) anyone requesting notice under Bankruptcy Rule 2002 as of the entry of the order granting this Motion (collectively the "Additional Notice Parties").

**Debtors' Motion for Order Fixing Bar Date for Filing Proofs of Claim and Interests and Approving Notice Procedures** Page 3
NO JMH01 581558 v3
2930573-000001 12/23/2014

14-50756 - #414 File 12/23/14 Enter 12/23/14 13:19:56 Main Document Pg 3 of 6

6. Upon entry of an order granting this Motion, the Debtors will serve the Original Notice Parties and the Additional Notice Parties (collectively the "Notice Parties") a notice of the General Bar Date in substantially the form attached hereto as **Exhibit B** and an official proof of claim form (the "Notice Package"). The Debtors intend to serve the Notice Package by mailing it to the Notice Parties' last known address no later than 5 days after entry of the order establishing the Bar Date. Service of the Notice Package on the Notice Parties in this manner will provide all of the Debtors' known creditors, as well as unknown creditors for whom the Debtors have current addresses, with at least 60 days' actual notice of the General Bar Date which is substantially more than is required by Bankruptcy Rule 2002(a)(7).

7. Because the Debtors may not have current addresses for unknown creditors, the Debtors also intend to publish a notice of the General Bar Date in local newspapers for each location in which the Debtors operate including (i) the Tampa Tribune, (ii) the Miami Herald, (iii) the Orlando Sentinel, (iv) the Florida Times Union, and (vi) such other newspapers and publications as may be reasonably necessary to notify unknown creditors' of the Debtors' bankruptcy and the General Bar Date (collectively the "Notice Publications"). The Debtors will request that the notices are published in the Notice Publications as soon as possible after the entry of an order granting this Motion.

8. "It is well settled that constructive notice of the claims bar date by publication satisfies the requirements of due process for unknown creditors." *In re New Century TRS Holdings, Inc.*, 2014 WL 4100749, at *5 (D. Del. Aug. 19, 2014). Indeed, "[p]ublication in national newspapers is regularly deemed sufficient notice to unknown creditors, especially when supplemented with notice in papers of general circulation in locations where the debtor is conducting business." *Id.* Accordingly, the Debtors submit that publishing notice of the General

**Debtors' Motion for Order Fixing Bar Date for Filing Proofs of Claim and Interests and Approving Notice Procedures**  Page 4
NO JMH01 581558 v3
2930573-000001 12/23/2014

14-50756 - #414 File 12/23/14 Enter 12/23/14 13:19:56 Main Document Pg 4 of 6

Bar Date in the Notice Publications will give unknown creditors sufficient notice of the Debtors' bankruptcy and the General Bar Date and will satisfy the requirements of due process for unknown creditors.

### III. PRAYER

9. For the reasons set forth above, the Debtors request the entry of an order (i) establishing March 16, 2015 as the General Bar Date for non-governmental claims; (ii) approving the Notice Package; (iii) authorizing the Debtors to serve the Notice Package on the Notice Parties by mailing the Notice Package to the Notice Parties' last known address; (iv) authorizing the Debtors to notify unknown creditors by publishing a notice of the General Bar Date in the Notice Publications as set forth herein; (v) finding that the notice program is calculated to give notice to all creditors and is sufficient to satisfy the requirements of due process for both known and unknown creditors and (vi) granting any further relief the Court deems appropriate.

Dated: December 23, 2014     By:     */s/ Patrick J. Neligan, Jr.*
                                     Patrick J. Neligan, Jr.
                                     Texas Bar No. 14866000
                                     pneligan@neliganlaw.com
                                     James P. Muenker
                                     Texas Bar No. 24002659
                                     jmuenker@neliganlaw.com

                                     **NELIGAN FOLEY LLP**
                                     325 N. St. Paul, Suite 3600
                                     Dallas, Texas 75201
                                     Telephone: (214) 840-5300
                                     Facsimile: (214) 840-5301

                                     */s/ Jan M. Hayden*
                                     Jan M. Hayden (#06672)
                                     jhayden@bakerdonelson.com
                                     Erin E. Pelleteri (#30666)
                                     epelleteri@bakerdonelson.com

**Debtors' Motion for Order Fixing Bar Date for Filing Proofs of Claim and Interests and Approving Notice Procedures** Page 5
NO JMH01 581558 v3
2930573-000001  12/23/2014

14-50756 - #414  File 12/23/14  Enter 12/23/14 13:19:56  Main Document  Pg 5 of 6

BAKER, DONELSON, BEARMAN,
CALDWELL & BERKOWITZ, PC
201 St. Charles Avenue, Suite 3600
New Orleans, Louisiana 70170
Telephone: (504) 566-5200
Facsimile: (504) 636-4000

COUNSEL FOR THE DEBTORS

## CERTIFICATE OF SERVICE

I hereby certify that on December 23, 2014, a true and correct copy of the foregoing document was served on each of the parties on the attached list by either overnight mail, e-mail, or U.S. First Class Mail, postage prepaid.

*s/ Jan M. Hayden*
Jan M. Hayden

Debtors' Motion for Order Fixing Bar Date for Filing Proofs of Claim and Interests and Approving Notice Procedures
Page 6
NO JMH01 581558 v3
2930573-000001 12/23/2014

14-50756 - #414  File 12/23/14  Enter 12/23/14 13:19:56  Main Document  Pg 6 of 6