# EXHIBIT B

## BIDDING PROCEDURES

## Bidding Procedures

SA-Lakeland, LLC, SA-Clewiston, LLC and SA-St. Petersburg, LLC (each, a "Debtor" and collectively, the "Palm Terrace Debtors" or the "Debtors"), debtors and debtors in possession in jointly administered Case No. 14-50756 (RS) presently pending in the United States Bankruptcy Court for the Western District of Louisiana (the "Court"), contemplate the sale (the "Sale") of all or substantially all of the assets of their estates (the "Purchased Assets"), other than cash and accounts receivables, to one or more purchasers pursuant to section 363 of title 11 of the United States Code (the "Bankruptcy Code"). The proposed Sale is subject to approval by the Court. In connection with the Sale, these bidding procedures (the "Bidding Procedures") were approved by order of the Court dated _____ 2015 (the "Bidding Procedures Order").[1]

## The Bidding Process

These Bidding Procedures describe, among other things, the manner in which prospective bidders may gain access to due diligence materials concerning the Purchased Assets, the manner in which bidders and bids become Qualified Bidders (as defined below) and Qualified Bids (as defined below), respectively, the receipt and negotiation of bids received, the conduct of any Auction (as defined below), the ultimate selection of the Successful Bidder and Successful Bid (each as defined below), and the Court's approval thereof (collectively, the "Bidding Process").

Neither the Palm Terrace Debtors nor their representatives shall be obligated to furnish any information of any kind whatsoever to any person who is not a Qualified Bidder (defined below). In the exercise of their reasonable business judgment, the Palm Terrace Debtors may amend these Bidding Procedures in writing or orally at the Auction, so as to better promote the goals of the Bidding Process, so long as such changes are not inconsistent with any Court order, including the Bidding Procedures Order.

In connection with the Sale, Potential Bidders (as defined below) will also have the opportunity to purchase certain interests in the real property where the Palm Terrace Debtors conduct their business operations, and certain related assets (collectively, the "Other Assets"), from NAE Florida, LLC, 29-31 Florida LLC, Lovely Hills Florida LLC, Sagamore Florida LLC and VLC Florida LLC (collectively, the "Landlord").

## "As Is, Where Is"

The sale of the Purchased Assets will be on an "as is, where is" basis and without surviving representations or warranties of any kind by the Debtors or their agents.

## Free and Clear of Any and All Claims and Interests

All of the right, title, and interest of the Debtors' estates (the "Estates") in and to the Purchased Assets, or any portion thereof, to be acquired, will be sold free and clear of all

---

[1] Capitalized terms used, but not otherwise defined, in these Bidding Procedures shall have the meanings given in the Bidding Procedures Order.

pledges, liens, security interests, encumbrances, claims, charges, options, and interests thereon and there against (collectively, the "Interests"), with such Interests to attach to the net proceeds of the sale of such Purchased Assets, except, with respect to a Successful Bidder, to the extent otherwise set forth in the relevant purchase agreement of such Successful Bidder.

**Participation Requirements**

a. **Potential Bidders.** To participate in the Bidding Process, each interested person or entity must (i) deliver to SLBI an executed copy of the Confidentiality Agreement and (ii) be deemed by the Debtors, upon consultation with the Committee, to be reasonably likely to be able to fund and complete the consummation of a proposed transaction on terms no less favorable in the aggregate than the terms contained in the Stalking Horse Bidder's Purchase Agreement (or, in the absence of a Stalking Horse Bidder, in the Purchase Agreement)[2] and within the time frame acceptable to the Debtors, upon consultation with the Committee, if selected as the Successful Bidder (as defined below). As promptly as reasonably possible, the Debtors will determine and notify the interested person or entity if such person or entity is acceptable and deem such person or entity a "Potential Bidder."

b. **Initial Due Diligence.** The Debtors shall, subject to reasonable competitive and other business concerns, afford each Potential Bidder with such access to due diligence materials concerning the Purchased Assets as the Debtors deem appropriate, after consultation with the Committee. Due diligence access may include access to electronic data rooms, and other matters that a Potential Bidder may reasonably request and as to which the Debtors, in their reasonable business judgment, may agree.

SLBI will also coordinate any due diligence requests of Potential Bidders concerning the Other Assets. In connection with any such requests, Potential Bidders may be required to execute a confidentiality agreement in form and substance satisfactory to the Landlord.

c. **Letter of Intent.** A Potential Bidder that desires to proceed to the second round of diligence must deliver a letter of intent (the "Letter of Intent"), via facsimile, hand delivery or overnight mail, to (i) the Debtors, c/o their counsel, Patrick J. Neligan Jr. & James P. Muenker, Neligan Foley LLP, 325 N. St. Paul, Suite 3600, Dallas, TX 75201 (Fax) 214-840-5301, and Trey Blalock, SA-Lakeland, LLC *et al.*, 4 West Red Oak Lane, Suite 201, White Plains, NY 10604 (Fax) 914-701-6760, (ii) Bradley J. Clousing, Senior Living Investment Brokerage, Inc. 490 Pennsylvania Avenue, Glen Ellyn, Illinois 60137, (Fax) 630-597-2504, (iii) counsel for the Committee, Francis J. Lawall, Esquire and Donald Detweiler, Esquire, Pepper Hamilton LLP, 3000 Two Logan Square, Philadelphia, PA,

---

[2] Pursuant to the Bidding Procedures Order, the Debtors have the discretion, but not the obligation, to identify, and enter into an agreement with, a party to serve as the stalking horse bidder (the "Stalking Horse Bidder") for the Sale.

-2-

#32138881 v3

19103 (Fax) 215-981-4750 and (iv) William H. Patrick, III, Heller, Draper, Patrick, Horn & Dabney, L.L.C., 650 Poydras Street, Suite 2500, New Orleans, LA 70130 (Fax) 504-299-3399 so that the Letter of Intent is actually received by 12:00 p.m. (Noon) (CT) on _____, 2015 (the "LOI Deadline"). The Debtors, after consultation with the Committee, may extend the LOI Deadline once or successively, but are not obligated to do so. If the LOI Deadline is extended, the Debtors shall promptly notify all Potential Bidders of such extension.

A Letter of Intent must contain the following information:

i. the material terms of the transaction proposed by the Potential Bidder for the purchase of all or some portion of the Purchased Assets, including, without limitation, a description of the assets to be purchased, the purchase price to be paid for such assets, and a summary of any other material terms and conditions to the proposed transaction, and

ii. evidence of the Potential Bidder's ability, as determined in the reasonable business judgment of the Debtors, upon consultation with the Committee, to consummate the proposed transaction.

Upon receipt of the Letter(s) of Intent, the Debtors, in consultation with the Committee, shall (i) review each Letter of Intent on the basis of financial and contractual terms and the factors relevant to the Sale Process, and (ii) identify those Potential Bidders evidencing a competitive bid and the ability to consummate the proposed transaction (a "Qualifying Letter of Intent"). The Debtors, upon consultation with the Committee, may provide Potential Bidders that submit a Letter of Intent that is not a Qualifying Letter of Intent an opportunity to revise the Letter of Intent so as to be a Qualifying Letter of Intent, but are not obligated to do so.

d. **Supplemental Due Diligence.** The Debtors shall, subject to reasonable competitive and other business concerns, afford each Potential Bidder submitting a Qualifying Letter of Intent (prior to the date of the Auction) with the opportunity to conduct on-site inspections and such other matters that such Potential Bidder may reasonably request and as to which the Debtors, in their reasonable business judgment, may agree.

e. **Qualified Bids.** Following the supplemental due diligence period, Potential Bidders may submit bids for the Purchased Assets. A proposal ("Bid") received from a Potential Bidder is a "Qualified Bid" if it:

i. is received by the Bid Deadline (as defined below);

ii. provides for the purchase of all or some portion of the Purchased Assets by the Potential Bidder on an "as is, where is" basis;

-3-

iii. includes a copy of a definitive purchase agreement in form and substance substantially similar to the Purchase Agreement (or, if there is a Stalking Horse Bidder's Purchase Agreement, on terms no less favorable in the aggregate than the terms contained in the Stalking Horse Bidder's Purchase Agreement), signed by an authorized representative of such Potential Bidder, in addition to a marked copy of such agreement to reflect the Potential Bidder's modifications to the Purchase Agreement or the Stalking Horse Bidder's Purchase Agreement, as the case may be;

iv. is not subject to any due diligence or financing contingency, or board or other approval (excluding any necessary regulatory approval that would follow the execution of definitive documentation for such a transaction);

v. is accompanied by a cash deposit of not less than 5% of the proposed purchase price (the "Required Deposit");

vi. includes written evidence of an unconditional commitment for financing (by a creditworthy bank or financial institution that shall provide such financing without alteration of conditions or delays) or other evidence of ability, as determined in the reasonable business judgment of the Debtors, upon consultation with the Committee, to consummate the transaction;

vii. includes a designation of contracts and/or leases to be assumed and assigned to the Potential Bidder and evidence of the Potential Bidder's ability to perform future obligations under such agreements;

viii. is reasonably likely (based on availability of financing, regulatory issues, experience, and other considerations) to be consummated, if selected as the Successful Bid (as defined below), within a timeframe acceptable to the Debtors; and

ix. is irrevocable until at least the following date: (a) with respect to a Qualified Bid that is not selected as the Successful Bid, three days (3) days after the date of the Auction Notice (as defined below), or (b) with respect to a Qualified Bid that is selected as the Successful Bid and approved by the Court, the closing date of the transaction with the Successful Bidder (as defined below).

A Potential Bidder that makes a Qualified Bid is a "Qualified Bidder." The Debtors, in their reasonable business judgment and, after consultation with the Committee, shall determine whether the Bid of a Potential Bidder meets the foregoing requirements to become a Qualified Bid.

As part its Bid, a Potential Bidder may also include a proposal for the purchase of all or some portion of the Other Assets by the Potential Bidder from the Landlord. For the avoidance of doubt, however, there is no requirement that a Potential Bidder submit a proposal for the purchase of all or some portion of the Other Assets in order to submit a Qualified Bid or become a Qualified Bidder.

-4-

f.  **Bid Deadline.** A Potential Bidder that desires to make a Bid must deliver written copies of its Bid, via hand delivery or overnight mail, to (i) the Debtors, c/o their counsel, Patrick J. Neligan Jr. & James P. Muenker, Neligan Foley LLP, 325 N. St. Paul, Suite 3600, Dallas, TX 75201 (Fax) 214-840-5301, and Trey Blalock, SA-Lakeland, LLC *et al.*, 4 West Red Oak Lane, Suite 201, White Plains, NY 10604 (Fax) 914-701-6760, (ii) Bradley J. Clousing, Senior Living Investment Brokerage, Inc. 490 Pennsylvania Avenue, Glen Ellyn, Illinois 60137 (Fax) 630-597-2504, (iii) counsel for the Committee, Francis J. Lawall, Esquire and Donald Detweiler, Esquire, Pepper Hamilton LLP, 3000 Two Logan Square, Philadelphia, PA, 19103 (Fax) 215-981-4750 and (iv) William H. Patrick, III, Heller, Draper, Patrick, Horn & Dabney, L.L.C., 650 Poydras Street, Suite 2500, New Orleans, LA 70130 (Fax) 504-299-3399 so that the Bid is actually received by 12:00 p.m. (Noon) (CT) on _____, 2015 (the "Bid Deadline"). The Debtors, after consultation with the Committee, may extend the Bid Deadline once or successively, but are not obligated to do so. If the Bid Deadline is extended, the Debtors shall promptly notify all Potential Bidders of such extension.

g.  **No Qualified Bids.** If no Qualified Bids are received, the Debtors shall report the same to the Court and declare the Auction a "failed auction."

h.  **Only One Qualified Bid.** In the event that there is no Stalking Horse Bidder and only one Qualified Bid is received, the Auction will not be held and the Debtors instead may seek approval of such Qualified Bid and the associated Purchase Agreement at the Sale Hearing. However, in the event that only one Qualified Bid is received, the Debtors may determine in their reasonable business judgment, after consultation with the Committee, that such Qualified Bid is insufficient, and shall have the right to either postpone the Auction and Bid Deadline or declare the Auction a "failed auction."

i.  **Auction Procedure.** If at least one Qualified Bid other than the Stalking Horse Bidder's Qualified Bid is received, the Debtors shall conduct the Auction on _____, 2015, at the offices of Neligan Foley LLP, 325 N. St. Paul, Suite 3600, Dallas, TX 75201 at ____:__ __.m. (CT), or such later time or other place as the Debtors shall notify all Qualified Bidders. Only Qualified Bidders shall be eligible to participate in the Auction and only Qualified Bidders shall be entitled to make any subsequent Qualified Bids at the Auction. The Debtors shall not consider a particular Bid unless the bidding party has submitted a Qualified Bid and attends the Auction and the Qualified Bidder's representative at the Auction has authority to bind the Qualified Bidder.

Prior to the start of the Auction, the Debtors, in consultation with the Committee, shall evaluate all Qualified Bids, as well as the Stalking Horse Bidder's Purchase Agreement (if any), and shall determine which Qualified Bid constitutes the best offer for the Purchased Assets (the "Starting Auction Bid"). The Debtors shall announce the Starting Auction Bid at the start of the Auction.

#32138881 v3

The Debtors, in consultation with the Committee, may employ and announce at the Auction additional procedural rules that are reasonable under the circumstances (e.g., the amount of time allotted to make subsequent Qualified Bids) for conducting the Auction, provided that such rules are (i) not inconsistent with the Bankruptcy Code or any order of the Court, and (ii) disclosed to each Qualified Bidder at the Auction.

j. **Minimum Overbids.** The minimum initial overbid and any subsequent overbids must be in increments of at least $50,000 in cash consideration (which amount the Debtors, in their reasonable business judgment, after consultation with the Committee, may modify at the Auction) until the Debtors declare a Successful Bidder. Any overbid made in response to the bid of the Stalking Horse Bidder must exceed the Stalking Horse Bidder's Bid not only by the above figure of $50,000, but also by the amount of any applicable Break-Up Fee.

k. **Successful Bidder.** At the conclusion of the Auction, the Debtors, in consultation with the Committee, shall (i) review the Stalking Horse Bidder's Purchase Agreement or any Qualified Bid of the Stalking Horse Bidder, if any, and shall review each Qualified Bid on the basis of financial and contractual terms and the factors relevant to the Sale Process, including those factors affecting the speed and certainty of consummation of the Qualified Bid and (ii) identify the best bid (the "Successful Bid") and the bidder making such Bid (the "Successful Bidder"). In determining the Successful Bidder, the Debtors and Committee shall consider the Break-Up Fee (if applicable).

If at least one Qualified Bid in addition to the Successful Bid, then, at the Sale Hearing, the Debtors will seek approval of the Successful Bid, and, at the Debtors' election, upon consultation with the Committee, may also seek approval of the next best Qualified Bid (the "Alternate Bid" and, the bidder making such Alternate Bid, the "Alternate Bidder"). The Debtors' presentation to the Court of the Successful Bid and, if applicable, the Alternate Bid will not constitute the Debtors' acceptance of either of such Qualified Bids until such Qualified Bids are approved by the Court at the Sale Hearing. Following approval of the Sale to the Successful Bidder, if the Successful Bidder fails to consummate the Sale for any reason, then, at the Debtors' election, upon consultation with the Committee, the Alternate Bid will be deemed to be the Successful Bid and the Debtors will be authorized, but not directed, to effect the Sale to the Alternate Bidder subject to the terms of the Alternate Bid of such Alternate Bidder without further order of the Court.

On the second business day following the selection of the Successful Bidder, the Debtors will file with the Court a notice of the selection of the Successful Bidder and the Alternate Bidder (the "Auction Notice"), copies of the Successful Bidder's Purchase Agreement and the Alternate Bidder's Purchase Agreement, and affidavits of the Debtors and the Successful Bidder in support of the sale of the Purchased Assets to the Successful Bidder. The Debtors will serve the Auction Notice upon (i) the Office of the United States Trustee; (ii) counsel for

-6-

the DIP Lender; (iii) counsel for the Committee; (iv) the United States Trustee; (v) known parties having asserted an Interest in the Purchased Assets; and (vi) parties having requested notices pursuant to Bankruptcy Rule 2002.

l. **Return of Deposits.** All Required Deposits, but excluding the Required Deposit of the Successful Bidder, shall be returned to Qualified Bidders within five (5) business days after the date of the Auction.

m. **Sale Hearing.** The Debtors shall request that the Court schedule the Sale Hearing on, or as soon as practicable after, _____, 2015, at which the Debtors shall seek entry of the Sale Order, among other things, authorizing and approving the proposed transaction with the Successful Bidder, as determined by the Debtors, and in accordance with the Bidding Procedures, pursuant to the terms and conditions set forth in the Successful Bid.

## Reservation of Rights

The Palm Terrace Debtors reserve their rights, in the exercise of their fiduciary obligations, after consultation with their counsel and the Committee, and in the exercise of their reasonable business judgment, to: (a) determine which Qualified Bid, if any, is the highest or otherwise best offer; (b) reject, at any time, any bid that is (i) inadequate or insufficient, (ii) not in conformity with the requirements of the Bankruptcy Code, the Bidding Procedures or any other orders applicable to the Estates or the terms and conditions of the Sale, or (iii) contrary to the best interests of the Estates; and (c) modify the Bidding Procedures, including, without limitation, by (1) extending any of the deadlines set forth above for the Bidding Process, (2) modifying bidding increments, (3) adjourning the Auction at the Auction and/or adjourning the Sale Hearing in open court without prior notice, (4) withdrawing from the Auction the Purchased Assets at any time prior to or during the Auction, and/or (5) canceling the Auction, and rejecting all Qualified Bids if, in the Debtors' business judgment, and in consultation with their counsel and the Committee, no such bid is for a fair and adequate price.

#32138881 v3
81524v.4

14-50756 - #477-2 File 01/23/15 Enter 01/23/15 17:59:36 Exhibit B Pg 8 of 8