UNITED STATES BANKRUPTCY COURT

WESTERN DISTRICT OF LOUISIANA (LAFAYETTE)

| | | |
|---|---|---|
| IN RE: | * | CASE NO 14-50756 |
| | * | |
| NEW LOUISIANA HOLDINGS, LLC, | * | CHAPTER 11 |
| Et al. | * | JOINTLY ADMINISTERED |
| Debtors. | * | |
| | * | JUDGE SUMMERHAYS |

*************************************

---

### *EX PARTE* MOTION FOR EXPEDITED HEARING

---

**NOW COME** the Debtors, as debtors and debtors-in-possession (collectively, the "Debtors")[1], which seek an expedited hearing on the Motion Pursuant to Sections 327 and 328 of the Bankruptcy Code for Authorization to Implement Certain Procedures to Employ and

---

[1] New Louisiana Holdings, LLC (Case No 14-50756), Jackson Major 1691 Tenant, LLC (Case No. 14-507967), Fountain View 215 Tenant, LLC (Case No. 50797), Acadian 4005 Tenant, LLC (Case No. 14-50850), Atrium 6555 Tenant, LLC (Case No. 14-50851), Citiscape 5010 Tenant, LLC (Case No. 14-50853); Lakewood Quarters Assisted Living 8585 Tenant, LLC (Case No. 14-50854), Lake Quarters Rehab 8225 Tenant, LLC (Case No. 14-50855), Panola 501 Partners LP (Case No. 14-50862), Regency 14333 Tenant, LLC (Case No. 14-50861), Retirement Center 14868 Tenant, LLC (Case No. 14-50856), Sherwood 2828 Tenant, LLC (Case No. 14-50857), St. Charles 1539 Tenant, LLC (Case No. 14-50858), and Woodland Village 530 Tenant, LLC (Case No. 14-50756); SA-PG-Ocala, LLC (July 28, 2014), SA-PG Operating Holdings, LLC (July 28, 2014), SA-PG-Clearwater, LLC (July 28, 2014), SA-PG-Gainesville, LLC (July 28, 2014), SA-PG-Jacksonville, LLC (July 28, 2014), SA-PG-Largo, LLC (July 28, 2014), SA-PG-North Miami, LLC (July 28, 2014), SA-PG-Orlando, LLC (July 28, 2014), SA-PG-Pinellas, LLC (July 28, 2014), SA-PG-Port St. Lucie, LLC (July 28, 2014), SA-PG-Sun City Center, LLC (July 28, 2014), SA-PG-Tampa, LLC (July 28, 2014), SA-PG-Vero Beach, LLC (July 28, 2014), SA-PG-West Palm Beach, LLC (July 28, 2014), SA-PG-Winterhaven, LLC (July 28, 2014) are referred to herein as the Palm Garden Debtors.

Cypress Health Care Management, LLC, Cypress Health Care Holdings, LLC (collectively the "Cypress Debtors"); SA-St. Petersburg, LLC, SA-Clewiston, LLC, SA-Lakeland, LLC, CHC-CLP Operator Holdings, LLC, and CHC-SPC Operator, Inc. (collectively the "Palm Terrace Debtors"); and SA-GA Operator Holdings, LLC, CHC-Carrollton Nursing & Rehab Ctr., LLC, CHC-Cedar Ridge Nursing & Rehab Ctr, LLC, CHC-Chestnut Ridge Nursing & Rehab Ctr, LLC, CHC-Haralson Nursing & Rehab Ctr, LLC, CHC-Hart Care Ctr, LLC, CHC-Pine Knoll Nursing & Rehab Ctr, LLC, CHC-Roswell Nursing & Rehab Ctr, LLC, CHC-Social Circle Nursing & Rehab Ctr, LLC, CHC-University Nursing & Rehab Ctr, LLC, and CHC-Woodstock Nursing & Rehab Ctr, LLC (collectively the "Georgia Debtors" and together with the Cypress and Palm Terrace Debtors, the "New Debtors")

1

Compensate Professionals in the Ordinary Course of Business [P-494] (the "Motion") filed simultaneously herewith, and in support thereof respectfully represents as follows:

1.

This Court has jurisdiction over this motion and the relief requested herein under 28 U.S.C. §1334. Venue is proper in this Court pursuant to 28 U.S.C. §§1408 and 1409. This motion involves "core" proceedings pursuant to 28 U.S.C. §157(b)(2).

2.

Debtors in this jointly administered case continue to act as debtors-in-possession pursuant to Bankruptcy Code §§1107 and 1108. No trustee or examiner has been appointed. An Official Unsecured Creditors Committee (the "OUCC") has been established in these jointly administered Chapter 11 cases.

3.

In the Motion, Debtors request the Court issue an Order establishing procedures for the employment and interim compensation of professions retained in the ordinary course of business. As set forth in the Motion, the Debtors believe that the relief requested therein is necessary for the efficient administration of these ongoing Chapter 11 cases.

4.

Under the normal noticing requirements of the Local Rules, Debtors Motion would not be heard until March 18, 2015. While the Court does have a Chapter 11 hearing date on February 24, 2015, Debtor's noticing of a hearing on that date would provide only twenty (20) days, as opposed to the requisite twenty-one (21) days, notice. Debtors herein assert that no parties will be unduly burdened by the grant of the relief requested herein, noticing the hearing on the Motion on the Court's docket for February 24, 2015.

2

5.

In compliance with the Local Rules, Debtors hereby state that they have not obtained the consent of all parties to their request for expedited consideration of the Motion, and that obtaining such consent from every party to these consolidated proceedings prior to filing the instant motion would be impractical.

6.

Notice of this motion has been given to the following parties to the counsel for the Official Unsecured Creditors Committee and the Office of the United States Trustee. In light of the nature of the relief requested herein, the Debtors submit that no other or further notice is necessary.

**WHEREFORE**, the Debtors request that this Court enter an Order setting a hearing on the Motion Pursuant to Sections 327 and 328 of the Bankruptcy Code for Authorization to Implement Certain Procedures to Employ and Compensate Professionals in the Ordinary Course of Business on February 24, 2015, at the United States Bankruptcy Court for the Western District of Louisiana, Lafayette Division, 214 Jefferson Street, Lafayette, LA 70501, and for such other relief as this Court may deem appropriate.

Respectfully submitted,

By: */s/ Jan M. Hayden*
Jan M. Hayden (La #06672)
Erin E. Pelleteri (La #30666)
**BAKER DONELSON BEARMAN CALDWELL & BERKOWITZ, PC**
201 St. Charles Ave., Suite 3600
New Orleans, Louisiana 70170
Telephone: (504) 566-5200
Facsimile: (504) 636-4000

3

Email: jhayden@bakerdonelson.com
epelleteri@bakerdonelson.com

**COUNSEL FOR THE DEBTORS**

CERTIFICATE OF SERVICE

    I hereby certify that on February 4, 2015, a true and correct copy of the foregoing document was served on each of the parties on the attached list by U.S. First Class Mail, postage prepaid or by electronic service.

                                                      _/s/ Jan M. Hayden_____