UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | | |
|---|---|---|
| In re: | ) | CASE NO. 14-50756 |
| | ) | |
| NEW LOUISIANA HOLDINGS, LLC, | ) | (Chapter 11) |
| Et al. | ) | |
|     Debtors | ) | (Jointly Administered) |

**MOTION FOR ORDER AUTHORIZING EXAMINATION OF JAMES "TREY" BLALOCK, III PURSUANT TO RULE 2004 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE**

Creditor Tort Claimants[1] injured by the Florida nursing homes operated by the Debtors (collectively "**Creditors**") file this Motion for Order Authorizing Examination of James "Trey" Blalock, III ("**Mr. Blalock**") pursuant to Rule 2004 of the Federal Rules of Bankruptcy Procedure ("**2004 Motion**"). In support thereof, the Creditors state as follows:

**Introduction**

Rule 2004 provides, in pertinent part, that upon the motion of any party in interest, "the court may order the examination of any entity." The permitted scope of the examination is far reaching. Pursuant to Rule 2004(b), the Examination "may relate . . . to the acts, conduct or property or to the liabilities or financial condition of the Debtor," or to any matter which may affect the administration of the debtor's estate . . . and to any other matter relevant to the case." The purpose of a Rule 2004 Examination is to assist a party in interest in determining the nature

---

[1] Estate of James Acker, Estate of Olive Algeo, Estate of Richard Bartley, Estate of John Berry, Estate of Virginia Bliven, Estate of Alphonse Bouchard, Estate of Ora Lee Bryant, Judith Buss, David Deal, Leon Demps, Estate of Joyce Digrazia, Sheila Duerst, Estate of David Ferguson, Estate of Tillie Fuchs, Estate of Mildred Harpin, Estate of Patricia Harris, Estate of Juanita Henderson, Estate of Ruby Holley, Estate of Odell Jordan, Cloyce McGee-Southerland, Estate of Robert Metzger, Estate of Verl Miller, Dorothy Mitchell, Estate of Danuse Mohr, Calvin Monroe, Estate of Rosemary Mullen, Mary Nance, Estate of James Nobles, Estate of Tara Oquendo, Estate of Richard Pompei, Estate of Leo Poulin, Estate of Maria Rios-Lopez, Charlie Rutledge, Sr., Estate of David Santiago, Estate of Eldon Sipes, Estate of Bertha Smith, Estate of Ronald Trim, Estate of Dorothea Trump, Henry Virgo, Donald Ware, Estate of Robert Whitmire, James Williams, Pheme Webb and Estate of Beulah Willis.

and extent of the bankruptcy estate, revealing assets, examine transactions and assessing whether wrongdoing has occurred. *Cameron v. United States*, 231 U.S. 710, 717 (1914). The scope permitted under Rule 2004 is broad in order to reveal "the nature and extent of the estate; [ascertain] assets; and [discover] whether any wrongdoing has occurred." *In re Corso*, 328 B.R. 375, 383 (E.D.N.Y. 2005); *In re Drexel Burnham Lambert Group, Inc.*, 123 B.R. 702, 708 (Bkrtcy. S.D.N.Y. 1991)(Rule "can be legitimately compared to a fishing expedition.")

In accordance with the Bankruptcy Rule, the Creditors seek to take the 2004 Examination of James "Trey" Blalock, III. Mr. Blalock is a Designated Officer of the debtors-in-possession ("**DIP**"), the Palm Terrace Debtors. (Doc. 17). A 2004 Examination of Mr. Blalock is necessary to gain an understanding of the Debtors' complex ownership and management structure as well the Debtors' assets, debt and financing structure. The very limited discovery in this bankruptcy case already has revealed that the ownership and management structure of the Debtors consist of over 200 related entities – all of which are owned or controlled by Harris Schwartzberg and his family, non-debtor insiders.[2] (Exhibit A, hearing transcript 01/27/15, pp. 14-16; Doc. 319, p. 3) ("To date, [the Official Committee of Unsecured Creditors (the "**Committee**")] has received only a small number of documents from the Debtors"); ("the Schwartzbergs – who ultimately . . . hold most of the equity for many of these entities . . . are obviously a significant player.")

The limited discovery has further revealed at least 35 pre-petition transfers that, according to the Committee must be investigated and analyzed as fraudulent insider transfers. (Exhibit A, hearing transcript 01/27/15, pp.17-18). The Committee has also expressed significant concerns regarding "potential overreaching by the Debtors' insiders" with regards to

---

[2] Harris Schwartzberg, an insider of the Debtor, "owns all the outstanding membership interests in the DIP Lender" and "an indirect minority equity interest in the Palm Terrace Debtors and is a beneficiary and/or non-controlling trustee of certain trusts that have an indirect equity interest in the Palm Terrace Debtors." (Doc. 319, p.6).

2

DIP Financing. (Doc. 319, p. 3). According to the Committee, the DIP Financing was "the product of an insider transaction" with Harris Schwartzberg as sole owner of the DIP Lender, SA Mezzo Holdings, LLC (Doc. 319, p.4). The Committee asserted that the DIP financing "appear[s] to be nothing more than a 'roll up' and payoff of the prepetition secured lender's claims, while infusing *de minimis* 'new money' into the borrowers" and "granting the insider DIP Lender rights, liens and claims seemingly far in excess of the value provided and potentially far in excess of the prepetition lender's rights, liens and claims." (Doc. 319, pp. 3-4).

"[A]t every stage of this case, there is complexity with respect to financial interrelationship" with "non-debtor insiders . . . who have some type of economic interest" (Exhibit A, hearing transcript 01/27/15, p. 16). The Committee is "very concerned with respect to the various interrelationships that exist." (Exhibit A, hearing transcript 01/27/15, p. 14). But, as this Court has recently noted, this is just the tip of the iceberg. (Exhibit A, hearing transcript 01/27/15, p. 21). As the Committee repeatedly insists, due diligence and investigation into the Debtors' structure and financing is imperative to this Chapter 11 bankruptcy. This investigation must begin with an examination of DIP representative, Mr. Blalock.

### Insider financial transactions, conflicts of interests, and personal knowledge of the Debtors' affairs warrant the 2004 Examination of Mr. Blalock

DIP representative Trey Blalock is also the current General Counsel for various "Schwartzberg Companies"[3] including Health Care Navigator, LLC ("**HC Navigator**").

HC Navigator is an entity wholly owned by Harris Schwartzberg and his family trusts and located at the headquarters of the Schwartzberg empire – 4 West Red Oak Lane, Suite 201,

---

[3] Harris Schwartzberg has described "The Schwartzberg Companies" as "a family-built and run business with nearly 40 years of direct experience in the Senior Housing Market" that "operate 27 Facilities in Florida and Georgia and own many other properties nationwide." (Exhibit B, p. 3). "In [t]he past 40 years, The Schwartzberg Companies has (sic) Developed, Acquired, and/or Financed Properties Valued At Over $750,000,000." (Exhibit B, p. 3). *See also* Exhibit C, p. 8, 44 (Mr. Blalock is "general counsel at the Schwartzberg Companies.")

3

White Plains NY 10604. (Exhibits D and E; Doc. 17). It is charged with the oversight of all management, regulatory, and operational services including legal, accounting, and risk management of Schwartzberg-owned and/or operated nursing and assisted living facilities. (Exhibit F, pp. 35-36). In addition, HC Navigator is responsible for preparing and submitting yearly Cost Reports required for reimbursement by the Florida Medicaid Program on behalf of the Schwartzberg facilities, including the Palm Garden and Palm Terrace Debtors. (Exhibits G and H). The Cost Reports require certifications regarding the facilities' ownership structure and related party transactions prior to Medicaid reimbursement.

As general counsel to the "Schwartzberg companies" and HC Navigator, Mr. Blalock plays a major role in all matters related to the management, structuring, and operation of the Schwartzberg facilities, including the Debtors in this bankruptcy. In a deposition dated May 14, 2013, Harris Schwartzberg confirmed that Trey Blalock is the person to consult regarding all things Schwartzberg, including information concerning the structure and formation of the Schwartzberg entities, their acquisition and investment interest in nursing homes, negotiation of leases and contracts, and information relating to insurance coverage over the Schwartzberg facilities. (Exhibit C, pp. 8, 35-36, 44, 61-62, 83, 87). Mr. Schwartzberg further confirmed that it is Blalock who maintains all corporate documents concerning the Schwartzberg companies, including the Debtor facilities. (Exhibit C, pp. 61-64).

Recent post-petition payments to insiders, approved by the conflicted DIP representative, further warrant the 2004 Examination of Mr. Blalock. According to Monthly Operating Reports from September 2014 through November 2014, Halcyon Rehabilitation, LLC ("**Halcyon Rehab**") has charged the Debtor facilities a total of $1,384,090.79 for physical and occupational therapies – $611,291.45 of which was disbursed post-petition. (Exhibits I and J). Halcyon Rehab

4

is a Schwartzberg entity controlled by its managing member, HC Navigator and Mr. Blalock. (Exhibit K).

Insider New Century Investors, LLC ("**New Century Investors**") also has received significant post-petition payments from the Debtor facilities. New Century Investors is another Schwartzberg company under the oversight of the Schwartzbergs and Mr. Blalock. (Exhibit L). Monthly Operating Reports list disbursements to New Century Investors for $31,750 in October 2014 and $290,204.49 (two payments of $258,454.49 and $31,750) in November 2014. (Exhibit M).

### Investigation into the myriad of Schwartzberg entities and insider transactions is important to a determination of the assets of the Debtor Estates.

Mr. Blalock's personal involvement in numerous pre and post-petition insider transactions with the Debtors and current employment with Debtor insiders warrants his 2004 Examination, particularly when there has been limited discovery in a bankruptcy proceeding pending for nearly seven months. In fact, Mr. Blalock's inherent conflicts and approval of insider financial transactions establish sufficient cause for the appointment of a trustee pursuant to 11 U.S.C. § 1104(a). *See, e.g., In re Oklahoma Refining Co*., 838 F.2d 1133, 1136 (10th Cir. 1988)("There are many cases holding that a history of transactions with companies affiliated with the debtor company is sufficient for the appointment of a trustee where the best interests of the creditors require"); *In re L.S. Good & Co*., 8 B.R. 312, 315 (Bkrtcy. N.D.W.Va. 1980)(one million intercompany transactions paid to debtor's parent for management fees creates grave potential conflicts of interest and presumption arises that management will be unable to make the impartial investigations and decisions demanded in evaluating and pursuing claims on behalf of the debtor); *In re Cajun,* 69 F.3d 746, 751 (5th Cir. 1995), *dissent adopted on rehearing* at 74 F.3d 599 (5th Cir. 1996)(appointment of a trustee was the only effective way to pursue

5

reorganization when debtor-electric company failed to collect monies owned, denied access to information, and considered strategies designed to break up and scavenge the assets of the debtor). Certainly, these same facts support the Creditors' request to take a 2004 Examination of Mr. Blalock.

The case of *In re Buick* 174 B.R. 299 (Bkrtcy. D.Colo. 1994) is particularly instructive here. In that case, a creditor moved for a 2004 Examination of the debtor and his attorney who had been involved in numerous financial transactions with the debtor and assisted the debtor in estate and bankruptcy planning. *Id.* at 300. The creditor requested the examination to investigate its allegations that the debtor "had employed numerous trusts and corporations as shell or sham entities in which to conceal and hold assets for his personal use and control while attempting to delay, hinder or avoid efforts of [creditor] to execute on such assets for satisfaction of its judgment." *Id.* at 302. The creditor urged that a 2004 examination was necessary to examine the debtor's status, assets, transfers, and structure of affiliated and related entities and trusts. *Id.* at 301.

The Bankruptcy Court held that the creditor had demonstrated good cause for taking the 2004 Examination of the debtor and his counsel. *Id.* at 304. Specifically, the creditor demonstrated that the debtor's counsel was within the scope of persons subject to a Rule 2004 Examination in that he had personal knowledge of the debtor's complex financial affairs and was an active agent working with the debtor. *Id.* The creditor also demonstrated that the areas of inquiry relating "to the acts, conduct, or property or to the liabilities and financial condition of the debtor" were within the proper scope of 2004 inquiry. *Id.* Once the creditor had demonstrated good cause for the requested discovery, the burden of production shifted to the party objecting to

the Examination, "who then bears the ultimate burden of persuasion that the examination would be improper." *Id*. The debtor's counsel failed to meet this burden.

In granting the motion for Examination, the Court made clear that the Bankruptcy Code provides significant rights to creditors including the right to conduct 2004 Examinations and the right to bring adversary proceedings. *Id.* at 306. These rights are supplemental to those of the trustee, such that "creditors do not have to rely solely and exclusively on the efforts of the trustee." *Id.* For this reason, the creditor was within his rights to seek information within the scope of Rule 2004, despite the fact that the trustee had not conducted a deposition or Rule 2004 Examination of the debtor's counsel. *Id.* The motion here requires the same result. *See also In re Martino*, 2011 WL 5856327, at *2 (Bkrtcy. D. Colo. 2011)(Rule 2004 is a broad investigative tool and constitutes an appropriate avenue for examining potential fraudulent transfers, whether certain transfers compromise property of the estate, and for determining facts concerning discharge).

As in *In re Buick*, Mr. Blalock has been involved in several financial transactions with Debtor insiders, has assisted the Debtors in bankruptcy planning, has personal knowledge of the Debtors' complex financial affairs, and is an active agent not only for the Debtors, but for numerous affiliated entities and trusts that are currently not in bankruptcy.

Moreover, Mr. Blalock's multiple roles within the Schwartzberg organization present inherent conflicts of interests that call into question his ability to carry out the fiduciary obligations of a DIP representative – a fiduciary for the creditors and equity holders. The Examination of Mr. Blalock is necessary to investigate whether his multiple roles within the non-debtor Schwartzberg companies conflict with his fiduciary duties as a DIP representative. It is beyond well established that a debtor-in-possession is a fiduciary to all of its creditors and equity

security holders. *In re Bellevue Place Associates*, 171 B.R. 615, 623 (Bkrtcy. N.D. Ill. 1994)(trustee appointed when debtor-in-possession was under the complete control and direction of one secured creditor). Chief among the fiduciary duties is the duty of loyalty which includes the duty not to engage in self-dealing. *Id*. "This means that a fiduciary – the debtor-in-possession – is proscribed from acting solely in its self-interest to the exclusion of the other interests which the debtor-in-possession has the fiduciary obligation to protect." *Id*. A debtor is not free to exercise its fiduciary duties as a debtor-in-possession when the debtor is under the complete control and direction of a creditor. *Id.*

Mr. Blalock, as general counsel, owes duties to the Schwartzberg companies and their affiliates that conflict with his fiduciary duties to the Debtor estates and creditors. Under the control of the Schwartzberg companies and affiliated creditors, his ability to make independent decisions and take action against these companies is called into question. For instance, it is unlikely that Mr. Blalock would seek to recover insider management and vendor fees or pursue preference and/or fraudulent conveyance claims against his current employers, the Schwartzberg companies and their affiliates (including HC Navigator, Halcyon Rehab, and New Century Investors). The Creditors seek to investigate the DIP representative's ability to fulfill his obligations under the Bankruptcy Code despite these inherent conflicts of interests.

Applying the foregoing principles, the Creditors are entitled to a Rule 2004 Examination of Mr. Blalock to discover information concerning the Debtors' assets, status, recent transfers, and conflicts of interests. This Court has authority to grant relief requested under Rule 2004 on an *ex parte* basis. *See* Advisory Committee note to Bankruptcy Rule 2004 ("The motion may be heard *ex parte* or it may be on notice.")

8

14-50756 - #500  File 02/06/15  Enter 02/06/15 16:47:27  Main Document  Pg 8 of 10

Wherefore, the Creditors respectfully request that the Court enter an order pursuant to Rule 2004 of the Bankruptcy Rules authorizing the Creditors to conduct an Examination of James "Trey" Blalock at a mutually agreed upon time and location, and requiring Mr. Blalock produce at that time the documents listed on Exhibit A to the proposed Examination notice. (Exhibit N).

Respectfully submitted,

/s/ James L. Wilkes, II, Esq.
**James L. Wilkes, II, Esq.**
Florida Bar No. 040533
jwilkes@wilkesmchugh.com
stephanie@wilkesmchugh.com
**Bennie Lazzara, Jr., Esq.**
Florida Bar No. 119568
bennie@wilkesmchugh.com
ruth@wilkesmchugh.com
**Joanna M. Greber, Esq.**
Florida Bar No. 0027830
jgreber@wilkesmchugh.com
**Katherine A. McFarland, Esq.**
Florida Bar No. 056323
kmcfarland@wilkesmchugh.com
**WILKES & McHUGH, P.A.**
One North Dale Mabry, Suite 800
Tampa, Florida 33609
(813) 873-0026 – Phone
(813) 286-8820 – Fax
*Counsel for the Creditors*

and

**Kirk A. Patrick, III (#19728)**
**DONOHUE PATRICK & SCOTT, PLLC**
450 Laurel Street, Suite 1600
Baton Rouge, LA 70801
Telephone: (225) 214-1908
Facsimile: (225) 214-3551
kpatrick@dps-law.com
*Counsel for the Creditors*

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing Motion for Order Authorizing Examination of James "Trey" Blalock, III, Esq. pursuant to Rule 2004 of the Federal Rules of Bankruptcy Procedure has been duly served upon those parties receiving electronic notification via the Court's CM/ECF System on this 6th day of February, 2015.

*/s/ James L. Wilkes, II, Esq.*
**James L. Wilkes, II, Esq.**