IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | | |
|---|---|---|
| IN RE: | § | CHAPTER 11 |
| | § | |
| NEW LOUISIANA HOLDINGS, LLC, | § | CASE NO. 14-50756 |
| *et al.*, | § | |
| | § | |
| DEBTORS. | § | (Jointly Administered) |

**PALM TERRACE DEBTORS' APPLICATION TO RETAIN AND EMPLOY SENIOR LIVING INVESTMENT BROKERAGE, INC. TO PROVIDE BROKERAGE SERVICES IN CONNECTION WITH PROPOSED SALE OF SKILLED NURSING OPERATIONS**

SA-Lakeland, LLC, SA-Clewiston, LLC and SA-St. Petersburg, LLC (each, a "Debtor" and collectively, the "Palm Terrace Debtors"), as debtors and debtors in possession, submit this application (the "Application"), for authority pursuant to Sections 327(a) and 328(a) of the Bankruptcy Code[1] and Rule 2014 of the Federal Rules of Bankruptcy Procedure, to retain and employ Senior Living Investment Brokerage, Inc. ("SLIB") to provide brokerage services to the Palm Terrace pursuant to the terms and conditions of their Agreement (as defined below). In further support of this Application, the Palm Terrace Debtors submit the Declaration of Bradley Clousing, Managing Director of SLIB (the "Clousing Declaration"), attached hereto as Exhibit "A", and respectfully state as follows:

**I. JURISDICTION AND VENUE**

1.  This Court has jurisdiction to consider this Application pursuant to 28 U.S.C. §§ 157 and 1334. Consideration of this Application is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue of this proceeding is proper in this District pursuant to 28 U.S.C. §§ 1408 and 1409.

---

[1] 11 U.S.C. §§ 101, *et seq.* Unless otherwise noted, all statutory references are to the Bankruptcy Code.

---

Application to Retain and Employ Senior Living Investment Brokerage, Inc.                Page 1

## II. INTRODUCTION

2. On September 3, 2014 (the "Petition Date"), the Palm Terrace Debtors filed voluntary petitions for relief under Chapter 11 of the Bankruptcy Code. Also on or prior to the Petition Date, certain affiliates of the Palm Terrace Debtors (collectively with the Palm Terrace Debtors, the "Debtors") filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code. The Debtors' respective cases are being jointly-administered under the caption *In re New Louisiana Holdings, LLC*, Case No. 14-50756.

3. Pursuant to Sections 1107(a) and 1108 of the Bankruptcy Code, each of the Palm Terrace Debtors continues to operate its business and manage its properties, affairs and assets as a debtor-in-possession.

4. On October 3, 2014, the United States Trustee appointed an Official Committee of Unsecured Creditors (the "Committee").

## III. FACTUAL BACKGROUND

5. The Palm Terrace Debtors operate skilled nursing facilities located in Lakeland, Clewiston and St. Petersburg, Florida (the "Facilities"). More specifically, Lakeland is the licensed operator of Palm Terrace of Lakeland, a skilled nursing facility with 185 licensed beds in Lakeland, Florida. Clewiston is the licensed operator of Palm Terrace of Clewiston, a skilled nursing facility with 155 beds in Clewiston, Florida. St. Petersburg is the licensed operator of Palm Terrace of St. Petersburg, a skilled nursing facility with 96 beds in St. Petersburg, Florida.

___

6. The Facilities are owned or controlled by NAE Florida, LLC, 29-31 Florida LLC, Lovely Hills Florida LLC, Sagamore Florida LLC and VLC Florida LLC (collectively, "Master Lessor").[2] SA-PT Master Tenant, LLC ("Master Tenant") leases the Facilities from Master Lessor, and subleases the Facilities to Lakeland, Clewiston and St. Petersburg (each, a "Facility Lease" and collectively, the "Facility Leases").

7. The Palm Terrace Debtors have determined, in the exercise of their business judgment and in consultation with the Committee, to sell the operations of the Facilities (the "Operations"). By separate motion, the Palm Terrace Debtors request an order from the Court approving bidding procedures and the sale of the Operations to the winning bidder.

8. In order to facilitate the sale of the Operations and obtain the highest and/or best offer for the Operations for the benefit of the Palm Terrace Debtors' estates and creditors, the Palm Terrace Debtors have, subject to this Court's approval, engaged SLIB to conduct a competitive marketing process for the Operations and to act as broker for the Palm Terrace Debtors.

## IV. RELIEF REQUESTED

9. By this Application, the Palm Terrace Debtors seek authority, pursuant to Section 327(a) and 328(a) of the Bankruptcy Code, to retain and employ SLIB to provide marketing and brokerage services to the Palm Terrace Debtors under the terms of a Representation Agreement, dated as of February 18, 2015 (the "Agreement"). The Palm Terrace Debtors seek to retain SLIB because of SLIB's extensive experience and expertise in marketing and selling long-term care and senior housing facilities across the country.

---

[2] The Clewiston facility is subject to a long-term ground lease in favor of Master Lessor, whereas the remaining facilities are owned by Master Lessor. Certain Schwartzberg family trusts own direct or indirect minority interests in the Master Lessor.

---

## V. SLIB'S QUALIFICATIONS

10. The Clousing Declaration sets forth SLIB's qualifications to represent the Palm Terrace Debtors in connection with the proposed sale of their Operations. As described in the Clousing Declaration, SLIB is a leading broker in the seniors housing market. Founded in 1997, SLIB and its seniors housing transaction experts have facilitated the purchase and sale of over 400 facilities across the country. In 2012, SLIB facilitated the sale of over 25% of all publically reported long-term care and seniors housing facilities. While SLIB's market share fluctuates from year to year, SLIB is consistently one of the most active firms in the seniors housing and long-term care market.

11. SLIB maintains a nationwide proprietary database that enables its brokers to track seniors housing assets in the market, and their respective owners, among other things. SLIB's vast network and sizeable deal flow allow it to connect its clients with a large pool of prospective buyers that have both the financial wherewithal to consummate a transaction and a proven interest in the seniors housing market.

12. SLIB's proposed engagement will be directed by Mr. Clousing. Mr. Clousing is a licensed commercial real estate broker in the State of Florida and a Managing Director at SLIB. Mr. Clousing has worked at SLIB since 2006 and has facilitated the sale of over $650 million in seniors housing assets.

13. SLIB has informed the Palm Terrace Debtors that the market of prospective purchasers for the Operations would be enhanced if such purchasers also had the opportunity to purchase the Facilities and related real estate, and that SLIB may also represent the owners of the Facilities in a separate transaction involving the Facilities.

14. Based on the representations and statements in the Clousing Declaration, the Palm

Terrace Debtors believe that SLIB does not hold or represent any interest adverse to the Palm Terrace Debtors or their estates and is a "disinterested person" as defined in section 101(14) of the Bankruptcy Code. Thus, the Palm Terrace Debtors believe that SLIB is well-qualified to serve as their broker to market the Operations during the pendency of these bankruptcy proceedings.

## VI. SLIC'S COMPENSATION

15. The Palm Terrace Debtors seek authority to employ SLIB in accordance with the terms of the Agreement. Pursuant to Section 328(a) of the Bankruptcy Code, the Palm Terrace Debtors may retain SLIB on any reasonable terms and conditions. Since the commencement of the Palm Terrace Debtors' chapter 11 cases, the Palm Terrace Debtors negotiated the terms of the Agreement with SLIB, which is a commercially reasonable agreement. The Palm Terrace Debtors request approval of the terms of the Agreement including the compensation provisions therein, pursuant to Section 328(a) of the Bankruptcy Code.

16. SLIB will conduct a marketing process for the Operations in accordance with bidding procedures that are approved by the Court. In the event that some or all of the Operations are sold to a bidder, SLIB shall receive a commission equal to 2.0% of the purchase price (the "Commission"). No compensation is due to SLIB under the Agreement unless the Operations are sold.

17. The Palm Terrace Debtors believe that the Commission is reasonable and that SLIB's experience and expertise, and knowledge of the Palm Terrace Debtors' assets, will inure to the Palm Terrace Debtors' benefit in pursuing prospective transactions for the Operations, and will assist the Palm Terrace Debtors in exercising their rights, and fulfilling their duties to the Palm Terrace Debtors' estates, creditors and other stakeholders in these chapter 11 cases. The

___

**Application to Retain and Employ Senior Living Investment Brokerage, Inc.**  Page 5

14-50756 - #521  File 02/20/15  Enter 02/20/15 17:15:03  Main Document  Pg 5 of 11

Palm Terrace Debtors further believe that the value of SLIB's services derives in substantial part from that experience and expertise and that, as a result, the Commission is reasonable irrespective of the number of hours to be expended by SLIB's professionals in the performance of the services to be rendered under the Agreement.  Furthermore, in preparation for their potential engagement, SLIB has already spent time with the Palm Terrace Debtors touring the Facilities, gathering information about the Facilities and the Operations, and developing a strategy for marketing the Operations.

18. As set forth in the Clousing Declaration, it is not the general practice of SLIB or brokerage firms in general to keep detailed time records similar to those customarily kept by attorneys.  Furthermore, in light of the compensation structure discussed above, the Palm Terrace Debtors believe that requiring SLIB's professionals to keep detailed time records for the services rendered under the Agreement would be unnecessary and unduly burdensome.  Thus, the Palm Terrace Debtors request that the Court waive any requirement to keep detailed time records under the Bankruptcy Rules or otherwise with respect to SLIB for their services.

## VII. PRAYER

WHEREFORE, based upon the foregoing, the Palm Terrace Debtors respectfully request that the Court enter an order (a) authorizing the Palm Terrace Debtors to retain and employ SLIB in these chapter 11 cases, pursuant to Sections 327(a) and 328(a) of the Bankruptcy Code, and the terms of the Agreement, and (b) granting such other and further relief as the Court may deem just and proper.

Dated: February 20, 2015					Respectfully submitted,

              By: */s/ Patrick J. Neligan, Jr.*
                 Patrick J. Neligan, Jr.
                 Texas Bar No. 14866000
                 pneligan@neliganlaw.com
                 James P. Muenker
                 Texas Bar No. 24002659
                 jmuenker@neliganlaw.com

                 **NELIGAN FOLEY LLP**
                 325 N. St. Paul, Suite 3600
                 Dallas, Texas 75201
                 Telephone: (214) 840-5300
                 Facsimile: (214) 840-5301

                 */s/ Jan M. Hayden*
                 Jan M. Hayden (#06672)
                 jhayden@bakerdonelson.com
                 Erin E. Pelleteri (#30666)
                 epelleteri@bakerdonelson.com
                 **BAKER, DONELSON, BEARMAN,**
                 **CALDWELL & BERKOWITZ, PC**
                 201 St. Charles Avenue, Suite 3600
                 New Orleans, Louisiana 70170
                 Telephone: (504) 566-5200
                 Facsimile: (504) 636-4000

                 **COUNSEL FOR THE DEBTORS**

## CERTIFICATE OF SERVICE

   I hereby certify that on February 20, 2015, a true and correct copy of the foregoing document was served on each of the parties on the attached list by either overnight mail, e-mail, or U.S. First Class Mail, postage prepaid.

                 */s/ Patrick J. Neligan, Jr.*
                 Patrick J. Neligan, Jr.

# MASTER SERVICE LIST
*New Louisiana Holdings, LLC, et al.*

| **Debtor** | **Debtor's Counsel** |
|---|---|
| New Louisiana Holdings, LLC<br>Attn: Raymond P. Mulry<br>4 West Red Oak Lane, Suite 201<br>White Plains, NY 10604 | Neligan Foley LLP<br>Attn: Patrick J. Neligan, Jr.<br>325 N. St. Paul, Suite 3600<br>Dallas, TX 75201 |
| | Baker Donelson Bearman Caldwell &<br>Berkowitz, PC<br>Attn: Jan M. Hayden<br>201 St. Charles Avenue, Suite 3600<br>New Orleans, LA 70170 |

**U.S. Trustee**

Office of the United States Trustee
300 Fannin Street, Suite 3196
Shreveport, LA 71101

**30 Largest Creditors on Consolidated Basis (Excluding Insiders)**

| | |
|---|---|
| Agency for Health Care Administration<br>P.O. box 13749<br>Tallahassee, FL 32317-3749 | Airgas USA, LLC<br>P.O. Box 532609<br>Atlanta, GA 30353-2609 |
| American Pharmaceutical Services<br>P.O. Box 102082<br>Atlanta, GA 30368-2082 | American Health Associates, Inc.<br>15712 SW 41st Street, Suite 16<br>Davie, FL 33331 |
| Bay Pharmacy<br>Omnicare Billing<br>P.O. Box 715268<br>Columbus, OH 43271-5268 | Belfor USA Group Inc.<br>185 Oakland Avenue, Suite 300<br>Birmingham, MI 48009-3433 |
| Bayfront Medical Center, Inc.<br>701 6th Street South<br>St. Petersburg, FL 33701 | Chicago Health Care Leasing LLC<br>455 N. Cityfront Plaza, Suite 15<br>Chicago, IL 60611 |
| Compos Medical Pharmacy<br>660 Distributors Row, Suite A &B<br>Jefferson, LA 70123 | CHC Labs Inc.<br>P.O. Box 277522<br>Atlanta, GA 30384-7522 |
| Department of Health and Hospitals<br>P.O. Box 3767<br>Baton Rouge, LA 70821-3767 | Direct Supply, Inc.<br>6767 N. Industrial Road<br>Milwaukee, WI 53223 |

80306v.2

Direct Supply Healthcare Equipment
P.O. Box 88201
Milwaukee, WI  53288-0201

Georgia Department of Community Health
2 Peachtree Street, NW
Atlanta, GA  30303

Health Services Group, Inc.
3220 Tillman Drive, Suite 300
Bensalem, PA  19020

Joerns Healthcare, Inc.
P.O. Box 933733
Atlanta, GA  31193

Karl Koch
Koch Law Firm
637 St. Ferdinand Street
Baton Rouge, LA  70802

Mobilex USA/Symphony Inc.
930 Ridgebrook Road, 3rd Floor
Sparks Glencoe, MD  21152

Liberty Ambulance Service Inc.
1626 Atlantic University Cir.
Jacksonville, FL  32207

Maintenance Warehouse
P.O. Box 509058
San Diego, CA  92150-9058

Medline Industries
P.O. Box 382075
Pittsburgh, PA  15251-8075

Medical Imaging, Inc.
5000 North West 27th Ct., Suite B
Gainesville, FL  32606

Omnicare Pharmacy
900 Omnicare Center
201 East Fourth Street
Cincinnati, OH  45202

Phelps Dunbar LLP
P.O. Box 974798
Dallas, TX  75397-4798

Palm Garden Health Care Inc.
2033 Main Street, Suite 300
Sarasota, FL  34237

Respiratory Health Services, LLC
P.O. Box 7247-6524
Philadelphia, PA  19170-6524

RK Collaborative
720 Garden Plz
Orlando, FL  32803

Recovercare LLC
Key Bank – LB #713222
895 Central Avenue, Suite 600
Cincinnati, OH  45202

U.S. Food Service
3682 Collection Center Drive
Chicago, IL  60693-0036

Vista Clinical Diagnostics, Inc.
4290 South Hwy.27, Suite 201
Clemont, FL  34711

**Creditors' Committee**

Healthcare Services Group, Inc.
Attn:  Patrick Orr
3220 Tillman Drive, Suite 300
Bensalem, PA  19020

Medline Industries, Inc.
Attn:  Shane Reed
1 Medline Place
Mundelein, IL  60060

Omnicare, Inc.
Attn:  Joann Billman
900 Omnicare Center
201 East Fourth Street
Cincinnati, OH  45202

80306v.2

**Counsel For Creditors' Committee**

Pepper Hamilton LLP
Attn: Francis J. Lawall
3000 Two Logan Square
Eighteenth and Arch Streetsw
Philadelphia, PA 19103-2799

McGlinchey Stafford, PLLC
Attn: Heather LaSalle Alexis
601 Poydras Street, 12th Floor
New Orleans, LA 70130

**Parties Requesting Notice**

Robert M. Hirsh
Jordana L. Renert
Arent Fox LLP
1675 Broadway
New York, NY 10019

Paul N. Debaillon
Debaillon & Miley
201A Travis Street
P.O. Box 51387
Lafayette, LA 70505

Robert Lapowsky
Stevens & Lee
1818 Market Street, 29th Floor
Philadelphia, PA 19103

Joseph Corrigan
Iron Mountain Information
Management LLC
One Federal Street
Boston, MA 02110

Indian River County Tax Authority
Attn: Bankruptcy Department
P.O. Box 1509
Vero Beach, FL 32961-1509

Noel Steffes Melancon
William E. Steffes
Steffes, Vingiello & McKenize, LLC
13702 Coursey Blvd., Bldg. 3
Baton Rouge, LA 70817

Mildred Tagmeyer
c/o Eugene R. Preaus
Fowler Rodriguez
400 Poydras Street, 30th Floor
New Orleans, LA 70130

Darryl J. Foster
Leland G. Horton
Bradley Murchison Kelly & Shea LLC
1100 Poydras Street, Suite 2700
New Orleans, LA 70163

William H. Patrick III
Tristan Manthey
Cherie D. Nobles
Heller Draper Patrick Horn & Dabney LLC
650 Poydras Street, Suite 2500
New Orleans, LA 70130

Joseph P. Hebert
Liskow & Lewis
822 Harding Street
Lafayette, LA 70503

Robert W. Jones
Brent R. McIlwain
Holland & Knight LLP
200 Crescent Court, Suite 1600
Dallas, TX 75201

H. Kent Aguillard
P.O. Box 391
Eunice, LA 70535

Baton Rouge Total Care Center
c/o William A. Ball, President
P.O. Box 82279
Baton Rouge, LA 70884-2279

Master Tenant, LLC
4 South Broadway, Suite 614
White Plains, NY 10601

Kirk A. Patrick, III
James C. Donohue
Donohue Patrick & Scott, P.L.L.C.
450 Laurel Street, Suite 1600
Baton Rouge, LA 70801

Karin H. Berg
Katten Muchin Rosenman LLP
525 W. Monroe Street
Chicago, IL 60661

John J. Lamoureux
Carlton Fields Jorden Burt, P.A.
4221 West Boy Scout Blvd., 10th Floor
Tampa, FL 33607-5736

Lourdes A. Naranjo
Agency for Health Care Administration
Office of the General Counsel
8333 N.W. 53rd Street, Suite 300
Miami, FL 33166

Michael A. Crawford
Taylor Porter Brooks & Phillips LLP
P.O. Box 2471
Baton Rouge, LA 70821-2471

Regency 14333 LLC
c/o Westside Houses, Inc.
1411 Broadway
New York, NY 10018

Michael T. Perry
Attorney at Law
5635-S Government Street
Baton Rouge, LA 70806-6035

John Vanker O'Grady, Kathleen Clark Knight
And Joanna M. Greber
Wilkes & McHugh
One North Dale Mabry Hwy, Ste 800
Tampa, FL 33609

David F. Waguespack
Stephen P. Scullin
1100 Poydras Street, Suite 3100
New Orleans, LA 70163

Ross Cicardo
Cicardo Law Office, LLC
2110 West Pinhook Road
P.O. Box 80917
Lafayette, LA 70598

Lourdes A. Naranjo
Florida Agency for Health
Care Administration
Office of the General Counsel
8333 N.W. 53rd Street, Suite 300
Miami, FL 33166

Phillip T. DeBaillon
DeBaillon Law Firm, LLC
P.O. Box 51387
Lafayette, LA 70505

80306v.2