# UNITED STATES BANKRUPTCY COURT
# FOR THE WESTERN DISTRICT OF LOUISIANA
# LAFAYETTE DIVISION

| | |
|---|---|
| In re<br><br>NEW LOUISIANA HOLDINGS, LLC,<br><br>Debtor. | Chapter 11<br><br>Case No.: 14-50756 |

## MEDLINE INDUSTRIES, LP'S MOTION TO REOPEN

Medline Industries, LP ("Medline") respectfully requests that the Court (1) re-open this case pursuant to Bankruptcy Rule 5010 for the limited purpose of allowing for further proceedings to unseal documents filed in this case and an associated adversary proceeding, *Official Committee of Unsecured Creditors of New Louisiana Holdings, LLC v. Harris Schwartzberg, et al.*, No. 16-AP-05013 (the "Adversary Proceeding"); and (2) provide Medline with copies of the motion permitting the filing of the complaint in the Adversary Proceeding under seal (ECF 1194) and the Court's order granting the motion to seal (ECF 1196). In further support of this Motion, Medline respectfully submits the accompanying Memorandum of Law in support and the Declaration of Shane M. Reed, dated March 4, 2022 ("Reed Decl."), a copy of which is attached as Exhibit A.

1

1. The Unsecured Creditors Committee (the "Committee") commenced an adversary case by filing a complaint (the "Complaint") on June 24, 2016, [No. 16-05013, ECF No. 1], but that document is not accessible on PACER.

2. Medline was a member of the Committee.

3. The Complaint concerned "Recovery of money/property - 548 fraudulent transfer," according to the notation on PACER.

4. The Defendants in the Adversary Proceeding—members of the Schwartzberg family and their affiliated entities—appear to be insiders alleged to have received fraudulent or avoidable transfers.

5. The Court entered an Order Dismissing Adversary Case [No. 16-05013, ECF No. 2] on October 24, 2016, but that document is not viewable on PACER due to apparent sealing of the case.

6. There is no motion or order entered in the Adversary Proceeding sealing the case.

7. There is an entry in PACER, also on October 24, 2016, closing the Adversary Proceeding.

8. As a member of the Committee, Medline was entitled to a copy of the Complaint, and all other filings, in the Adversary Proceeding.

9. Medline filed a Motion to Re-Open, to Intervene, and to Unseal in the Adversary Proceeding asking the Court to, *inter alia*, unseal the Adversary Proceeding. (No. 16-05013, ECF Nos. 3 and 4).

10. This Court denied Medline's motion in the Adversary Proceeding. (No. 16-05013, ECF No. 5). This Court's Order denying Medline's motion stated that ECF 1194 in this Chapter 11 case is an agreed ex parte motion for authority to file an adversary complaint under seal filed by the Committee and New Louisiana Holdings, LLC ("New Louisiana"). (*See id.* p. 1). This Court's order also stated that ECF 1196 in this Chapter 11 case is the Court's Order granting the motion to seal. (*See id.*).

11. This Court's Order denying Medline's motion "directed [Medline] to file a motion to reopen the main bankruptcy case" if Medline wished to seek reconsideration of the Court's order permitting the sealing of the Adversary Proceeding. (*See id.* p. 2).

12. The two docket entries—ECF 1194 and ECF 1196—reflecting the motion to seal and this Court's Order granting the motion to seal are omitted from this Court's PACER public docket.

13. No document is available on the docket of either the Chapter 11 proceeding or the adversary for sealing the motion to seal and this Court's order granting the motion to seal.

14. As a creditor in this case and a member of the Committee, Medline is entitled to a copy of the motion permitting the filing of the Complaint under seal (ECF 1194) and the order granting the motion to seal (ECF 1196) entered in this case.

15. Before filing the Motion Re-Open, to Intervene, and to Unseal in the Adversary Proceeding, Medline requested copies of the Complaint and filings in this case, including by requesting same from counsel for the Committee. But Medline has not been able to obtain copies of the Complaint or filings.

16. Medline has been a creditor of Schwartzberg-affiliated entities. As more fully explained in the accompanying Memorandum, over the last few years, Medline has observed what appears to be a disturbing pattern or practice by the Schwartzbergs which has materially impacted Medline: Upon information and belief, the Schwartzbergs acquire ownership of skilled nursing facilities, enter those facilities into contracts with Schwartzberg-affiliated entities for services—such as administration, rehabilitation, and counseling—effectively funneling cash out of the facilities and then, shortly thereafter, cause those facilities to file for bankruptcy protection, forcing non-Schwartzberg-affiliated creditors to agree to take pennies on the dollar for their goods and services. (Reed Decl. ¶ 6.) Indeed, three Schwartzberg-owned skilled nursing facilities filed for bankruptcy protection in the last few years, the most recent

4

14-50756 - #1595  File 04/04/22  Enter 04/04/22 18:10:28  Main Document  Pg 4 of 6

of which was filed on October 14, 2021. (*Id.* ¶¶ 4, 5, 7, 8.) Through these bankruptcy proceedings, Medline has become suspicious of the Schwartzbergs' handling of the skilled nursing facilities that they acquire. (*Id.* ¶ 9.)

17. As noted, Medline served on the Committee; thus, Medline filed its Motion to Re-Open, to Intervene, and to Unseal in the Adversary Proceeding on Medline's behalf. (*Id.* ¶ 10.) In connection therewith, Medline understands that the Complaint alleges misconduct by the Schwartzbergs, as reflected in the description of the Complaint noted on PACER.

18. Importantly, the law favors public access to judicial records, as more fully briefed in accompanying Memorandum. *See*, *e.g.*, *Binh Hoa Le v. Exeter Fin. Corp.*, 990 F.3d 410, 417 (5th Cir. 2021) ("Judicial records are public records. And public records, by definition, presume public access."); *June Med. Servs., L.L.C. v. Phillips*, 22 F.4th 512, 519–20 (5th Cir. 2022) (The Fifth Circuit "heavily disfavor[s] sealing information placed in the judicial record."); *Harvest Oil & Gas, LLC v. Salsbury*, No. 11-CV-714, 2012 WL 5354551, at *3 (W.D. La. Oct. 25, 2012) ("While the decision as to access is left to the discretion of the trial court, any doubt must be construed in favor of disclosure.").

WHEREFORE, Medline respectfully requests that the Court grant this Motion and enter an Order: (1) re-opening this case pursuant to Bankruptcy Rule 5010 for the limited purpose of allowing for further proceedings to unseal documents filed in this case and the Adversary Proceeding; and (2) providing Medline with copies of the ex parte motion permitting the filing of the Complaint in the Adversary Proceeding under seal (ECF 1194) and the Court's order granting the motion to seal (ECF 1196).

Dated: April 4, 2022

/s/ Thomas J. Madigan, II
ELWOOD F. CAHILL, JR. #3764
THOMAS J. MADIGAN, II #28132
**SHER GARNER CAHILL RICHTER KLIEN & HILBERT, L.L.C.**
909 Poydras St., Suite 2800
New Orleans, Louisiana 70112
Tel: (504) 299-2132
E-mail: ecahill@shergarner.com
E-mail: tmadigan@shergarner.com
*Counsel to Medline Industries, LP*
**LOWENSTEIN SANDLER LLP**
Robert M. Hirsh, Esq.
Michael A. Kaplan, Esq.
1251 Avenue of the Americas
New York, New York 10020
Tel: (212) 262-6700
E-mail: rhirsh@lowenstein.com
E-mail: mkaplan@lowenstein.com
*Attorneys for Medline Industries, LP*

6